Samuel JELFO et al.,
Plaintiffs-Appellants,

v.

HICKOK MANUFACTURING COMPANY, INC., Defendant-Appellee.

No. 175, Docket 75-7263.

United States Court of Appeals,
Second Circuit.

Argued Feb. 23, 1976.

Decided March 10, 1976.

Paul I. Snyder, Rochester, N. Y. (Snyder & Snyder, Rochester, N. Y., on the brief), for plaintiffs-appellants.

Luther C. Nadler, Rochester, N. Y. (Harris, Beach & Wilcox, Carl R. Krause, Rochester, N. Y., on the brief), for defendant-appellee.

Before FEINBERG, OAKES and VAN GRAAFEILAND, Circuit Judges.

PER CURIAM:

Plaintiffs Samuel Jelfo, Josephine Taylor and Edison C. Schulz, former officers of the now inactive Rochester Independent Union,

appeal from an order of the United States District Court for the Western District of New York, Harold P. Burke, *J.*, denying class certification in plaintiffs' action against Hickok Manufacturing Company, Inc. The complaint alleged that the Company had breached its contractual obligations to plaintiffs and others similarly situated by reducing or terminating pension and disability benefits. Plaintiffs brought their action in October 1973, approximately a year after the Company had ceased operations in Rochester while continuing them at its principal place of business in Texas.

In November 1974, plaintiffs moved for class action designation, claiming, among other things, that the proposed class of approximately 280 persons was too numerous and geographically dispersed to make joinder practical, that there were questions of law and fact regarding entitlement to benefits common to the class, and that plaintiffs would fairly and adequately protect the interests of the class. Defendant opposed the motion, claiming that there were actually various subclasses: retired employees, already receiving pension benefits, whose pensions had been reduced; two groups of former employees who had not yet begun to receive benefits, those with 25 or more years of service and those with 15–25 years of service; and employees receiving disability benefits, which had been reduced or cancelled. Defendant argued that no adequate showing of the need for class action treatment had been made as to each subclass, that because there was a limited fund for distribution under the pension plan there were conflicts among the subclasses and even within them, and that the named plaintiffs had not shown that they could fairly and adequately represent the subclasses. Plaintiffs denied these contentions and argued that since the Company is liable for the payments, there was no limit on the funds available and no need for subclasses. Judge Burke apparently accepted defendant's view and denied the class certification sought.

██ On appeal, plaintiffs claim that the judge erred in several respects. How-

ever, the first issue for us is whether the judge's order is appealable. Under our "death knell" doctrine, the order would be appealable only if we conclude that the suit would end if class action status were denied. See, e. g., *Shayne v. Madison Square Garden Corp.*, 491 F.2d 397 (2d Cir. 1974); *Eisen v. Carlisle & Jacquelin,* 370 F.2d 119 (2d Cir. 1966), cert. denied, 386 U.S. 1035, 87 S.Ct. 1487, 18 L.Ed.2d 598 (1967). Unfortunately, there is not enough information in the record for us to apply the rule of those cases intelligently. Two plaintiffs have apparently had payments reduced, but the record does not reflect the precise amount of the reduction or either's life expectancy. Similar information is also lacking as to the third plaintiff, who apparently would not be entitled to receive payments until years from now, in any event. Cf. *Lugo v. Employees Retirement Fund of the Illumination Prods. Indus.,* 529 F.2d 251 (2d Cir. 1976). Appellee's counsel offered some of this information at oral argument to support his argument that the death knell doctrine does not apply because plaintiffs have enough incentive to pursue the action individually. However, we are not sure that plaintiffs agree with these figures, particularly the estimate of present worth of each claim. Moreover, the record should be made properly in the district court, not offered orally as a result of a chance question from the bench at argument. The burden to show appealability rests upon plaintiffs, who ask us to assume jurisdiction.

Accordingly, we remand to the district court to allow the record to be expanded. We note that whether plaintiffs' or defendant's view of the nature of defendant's obligation is accepted, this action would seem to call for some sort of class designation.

Case remanded. No costs.