**Albert BRICK, Plaintiff-Appellant,**

v.

**CPC INTERNATIONAL, INC.,
Defendant-Appellee.**

**No. 31, Docket 76–7143.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 3, 1976.

Decided Dec. 14, 1976.

Samuel Intrater, Washington, D. C., for plaintiff-appellant.

Leonard A. Spivak, New York City (Cahill, Gordon & Reindel, Denis McInerny and Ada Meloy, New York City, on the brief), for defendant-appellee.

Before FEINBERG and MESKILL, Circuit Judges, and BRIEANT, District Judge.*

FEINBERG, Circuit Judge:

Plaintiff Albert Brick, owner of 600 shares of Funk Seeds International, Inc. ("Funk"), appeals from an order of the United States District Court for the Southern District of New York, Lloyd F. Mac-Mahon, J., denying Brick's motion for class action certification in his action against defendant CPC International, Inc. ("CPC"). Plaintiff's amended complaint alleges that when CPC made a public offering by pro-

* Of the United States District Court for the Southern District of New York, sitting by designation.

spectus in the summer of 1972 of 75 per cent of the common shares of Funk, CPC's then wholly-owned subsidiary, CPC engaged in securities act violations, common law fraud and common law negligence. The purported misrepresentations and omissions from CPC's prospectus at the time concerned the termination of franchise-type agreements by certain Funk "associate" companies. Brick also claimed that Funk's declaration of a $14–million dividend to CPC was illegal. Plaintiff, who purchased his stock in February 1973, was inspired to sue by an article in Forbes Magazine, which pointed out that CPC's spin-off of Funk gave CPC a "$50–million killing" even though the public value of the Funk stock then declined some $60 million in ten months. The article raised some sharp questions regarding the propriety of the spin-off.

In July 1973, plaintiff filed this suit as a class action in the United States District Court for the District of Columbia. The class, as defined in the amended complaint, includes "all of the shareholders of Funk." Plaintiff is an attorney and he and the purported class are represented in this action by Samuel Intrater, plaintiff's sole law partner in the firm of Brick and Intrater. After some preliminary procedural skirmishing in the District of Columbia, Judge Richey sua sponte transferred the action to the United States District Court for the Southern District of New York under 28 U.S.C. § 1404(a), primarily because a related action was pending there before Judge MacMahon.[1] In June 1975, plaintiff moved to retransfer the action to the District of Columbia, but Judge MacMahon denied the motion. And in February 1976, the judge also denied plaintiff's motion for class certification because of concern over the ethical problems posed by the attorney-plaintiff re-lationship in this case and plaintiff's "ability and diligence to prosecute the suit as a class action."

The appeal poses potentially significant issues concerning appealability and the criteria for proper class representation under Fed.R.Civ.P. 23. As to the former, it is not clear whether the appeal is allowable under our "death knell" doctrine, which has itself been the subject of controversy both within this circuit[2] and elsewhere.[3] From the record before us, cf. Jelfo v. Hickok Mfg. Co., 531 F.2d 680 (2d Cir. 1976), we cannot tell whether plaintiff's claim realistically amounts to $4,200, as both parties now contend in order to support appealability, or to some ten times more, as plaintiff originally alleged. Nor is it clear under our precedents that a claim of $4,200 would sound the death knell. Compare Shayne v. Madison Square Garden Corp., 491 F.2d 397 (2d Cir. 1974), with Korn v. Franchard Corp., 443 F.2d 1301, 1306 (2d Cir. 1971). And even if the claim were for far less money, there is a question whether failure to certify a particular person as a class representative justifies appealability under our "death knell" rule.

On the issue of class representation, district courts in this circuit have expressed concern over the propriety of a law partner relationship between the attorney for the class and its representative, but they have not invariably refused to certify the class when the relationship exists. Compare Stull v. Baker [1973 Transfer Binder] CCH Fed.Sec.L.Rep. ¶94,227, at 94,929 (S.D.N.Y. 1973) with Cotchett v. Avis Rent A Car System, Inc., 56 F.R.D. 549 (S.D.N.Y.1972). And we have not yet ruled on whether, as appellee suggests here, there should be a per se rule prohibiting the practice. See Kramer v. Scientific Control Corp., 534 F.2d 1085 (3d Cir. 1976); Note, Developments in

---

1. Simon v. Funk Seeds International, Inc., 74 Civ. 645.

2. See, e. g., Parkinson v. April Indus., 520 F.2d 650, 658 (2d Cir. 1975) (Friendly, J., concurring); Shayne v. Madison Square Garden Corp., 491 F.2d 397 (2d Cir. 1974).

3. See e. g., Anschul v. Sitmar Cruises, Inc., 544 F.2d 1364 (7th Cir. 1976); Hackett v. General Host Corp., 455 F.2d 618 (3d Cir.), cert. denied, 407 U.S. 925, 92 S.Ct. 2460, 32 L.Ed.2d 812 (1972). See also Note, Developments in the Law—Class Actions, 89 Harv.L.Rev. 1318, 1438 n.234 (1976), and cases cited therein.

the Law—Class Actions, 89 Harv.L.Rev. 1318, 1577–86, 1585 n.29 (1976).

We do not think that this is a proper case for fuller consideration of these issues. It is clear from the record before us that Judge MacMahon did not abuse his discretion in denying class certification. Moreover, we note that his decision does not bar class certification with another person representing the class.[4] Under the circumstances, we will assume arguendo that the order is appealable and affirm the district court, leaving to another day fuller discussion of the issues presented here.[5]

Judgment affirmed. We deny appellee's motion for attorneys fees and double costs.

### MESKILL, Circuit Judge (dissenting):

I respectfully dissent. The majority "assume[s] arguendo that the order [denying class action certification] is appealable," ante, at 187, and reaches the merits of this controversy, holding that Judge MacMahon did not abuse his discretion. I express no view on the merits, for I cannot agree that the order is appealable.

Under the "death knell" doctrine, the burden is upon the party who asks us to assume jurisdiction to show that the suit will end if class action status is denied. *Jelfo v. Hickok Mfg. Co., Inc.,* 531 F.2d 680,

681 (2d Cir. 1976). Brick has not made the slightest attempt to carry that burden. Instead, he relies on CPC's concession to the effect that a $4,200 claim is sufficiently small to warrant the application of the "death knell" doctrine.[1] While it is true that "death knell" has been primarily a dollar-amount test, this Court has not ignored other factors, *see Shayne v. Madison Square Garden Corp.,* 491 F.2d 397, 402 (2d Cir. 1974), and in this case it is a factor other than the dollar amount that is dispositive.

With due respect to the majority, and apologies to Ernest Hemingway and John Donne,[2] the appealability issue presented here can be resolved merely by deciding for whom the knell tolls. It does not toll for Brick or the class he seeks to represent. It tolls for Brick's law partner, Intrater. That may be a cataclysm for Intrater and his law firm, but it is only a minor set-back in terms of the viability of this multimillion-dollar lawsuit. Class action status is not foreclosed by Judge MacMahon's order. Nor is Brick foreclosed from representing the class. In practical effect, the order appealed from has done nothing more than require a change of counsel.[3] While that may raise other final order issues it certainly does not sound the death knell for this lawsuit.[4]

---

4. Even though the *Simon* action, see note 1 supra, has been settled, there is still at least one other purported class suit now pending in the Southern District. *Burger v. CPC International, Inc.,* 76 Civ. 2106.

5. Plaintiff also appeals from Judge MacMahon's refusal to retransfer. That order would not ordinarily be appealable at this time. See *D'Ippolito v. American Oil Co.,* 401 F.2d 764, 765 (2d Cir. 1968); 1 Moore's Federal Practice ¶0.147, at 1694–95 (2d ed. 1976). Nor would this be an appropriate case for the application of pendent appellate jurisdiction since there is no apparent overlap of issues between the orders denying certification and retransfer. *General Motors Corp. v. City of New York,* 501 F.2d 639, 648 (2d Cir. 1974). In any event, even if we assume that this order is also appealable, Judge MacMahon did not abuse his discretion in denying retransfer.

1. That concession is, of course, wholly ineffective to confer jurisdiction upon this Court. For the purposes of this opinion, however, I shall

treat CPC's argument as if it had been made by Brick.

2. E. Hemingway, For Whom the Bell Tolls (1940); J. Donne, Devotions Upon Emergent Occasions XVII.

3. I do not wish to suggest that if Brick merely changes lawyers he will thereby become entitled to class certification. It may be that by starting this litigation with his law partner as his attorney he has created an appearance of impropriety that can never be reduced to acceptable levels. *See generally General Motors Corp. v. City of New York,* 501 F.2d 639 (2d Cir. 1974). I express no view on either the merits or the appealability of an order denying class certification on that basis, for no such order is presently before the Court.

4. As the majority notes, ante, at 187 n.4, there is at least one other purported class action pending in the Southern District. The pendency of that action bears ample witness to the fact that this lawsuit is viable.

The more difficult final order issue presented here is whether this order is, in effect, an order disqualifying counsel which would bring the case within the rule of *Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp.,* 496 F.2d 800 (2d Cir. 1974) (*en banc*), which holds that orders granting or denying attorney disqualification are appealable under the doctrine of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).[5] In my view, it is not such an order. Intrater has not been disqualified from representing his client, Brick, he has not been disqualified from litigating Brick's action against CPC, and he has not been disqualified from representing Brick personally as a member of the class, so long as the class is represented by someone else. Judge Mac-Mahon's order jeopardizes none of Brick's rights, and it does not preclude participation by Intrater. It merely requires that someone other than Brick's law partner represent the class.

It is true that Judge MacMahon's order denying class certification will force Brick to make some difficult choices. If he wishes to continue his class action, he must first find another lawyer to represent the class,[6] and if he wants to continue to be represented by Intrater and to give him complete control of the litigation, then he will have to proceed in his individual capacity. However, the very existence of those choices militates against a holding that the order appealed from is final.

I would dismiss the appeal.

---

**5.** Because the parties agree that the "death knell" doctrine is applicable here, they have not mentioned the *Cohen* doctrine as a possible basis for a finding of appealability.

