**Michael SUSMAN, Plaintiff-Appellant,**

**v.**

**LINCOLN AMERICAN CORP. et al., Defendants-Appellees.**

**Ann FLAMM and Arnold Flamm, Plaintiffs-Appellants,**

**v.**

**Rudolph EBERSTADT, Jr. and Microdot, Inc., Defendants-Appellees.**

**Nos. 77-1145, 77-1146.**

United States Court of Appeals, Seventh Circuit.

Argued April 27, 1977.

Decided Aug. 31, 1977.

Arthur T. Susman, Thomas R. Meites, Chicago, Ill., for plaintiffs-appellants.

Randall L. Mitchell, Andrew R. Laidlaw, Chicago, Ill., for defendants-appellees.

Before PELL, BAUER and WOOD, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

In the two cases consolidated for our consideration, appellants contest the validity of the district court's judgment denying certification of their class action.[1] In each case the district judge ruled pursuant to Fed.R.Civ.P. 23(a)(4)[2] that the class representative would not fairly and adequately protect the interests of the class. For the following reasons, the judgment of the district judge is affirmed.

The facts in these cases are as follows:

1. The Microdot case.

Plaintiffs-Appellants Ann Flamm and Arnold Flamm (hereinafter referred to as plaintiffs) are co-trustees of a trust which purchased and sold shares of defendant Microdot, Inc.'s stock. Plaintiffs' complaint generally alleges that defendants made false and material misstatements or omissions in connection with the sale of Microdot common stock during the pendency of a tender offer by General Cable Corporation in violation of the Securities Exchange Act of 1934, §§ 10(b), 14(e), 15 U.S.C. §§ 78j(b), 78n(e). Plaintiffs sought to represent a class composed of:

1. This court on January 25, 1977, granted appellants permission to appeal pursuant to 28 U.S.C. § 1292(b). This court also ordered on January 25, 1977, that the two cases be consolidated on appeal for procedural purposes.

2. Fed.R.Civ.P. 23(a) enumerates four prerequisites to a class action:
One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

All sellers of the common stock of Microdot, Inc. during the period beginning on December 5, 1975 and ending at the close of business on January 23, 1976, excluding the defendants and those in concert with them.

Defendants opposed certification of the class on the grounds that plaintiffs would not fairly and adequately protect the interests of the class. The district court summarized the following undisputed facts as forming a basis for defendants' objection: 1) plaintiff Arnold M. Flamm is an attorney practicing with Arthur T. Susman, one of the two attorneys of record for plaintiffs, in a law firm named Prins, Flamm, and Susman, Ltd.; 2) plaintiff Ann Flamm is the mother of Arnold M. Flamm; (3) Thomas R. Meites, the second attorney of record of plaintiffs, rents and shares office space in the same suite of offices as is occupied by Prins, Flamm, and Susman, Ltd.; and 4) the potential recovery for individual plaintiffs of $800.00 is much less than attorney's fees which could be generated by this lawsuit. The district judge also noted that since plaintiffs are suing in their capacity as trustees of an inter-vivos trust, they would not receive any form of recovery at the termination of this case.

The district court ruled "that when the class representative is a close professional associate with the attorney of record in the cause, the class representative cannot adequately and fairly represent the class and certification should be denied." The district judge based this ruling on several policy considerations. First, the district court ruled that since potential recovery from attorney's fees greatly exceeds possible individual recovery, plaintiffs' role as class representative and interest in the law firm which would represent the class gives rise to a possible conflict of interest. The district court also pointed to an ethical question which would arise if plaintiff Arnold M. Flamm were to be called as a witness while his firm is employed as class attorney. Similarly, citing ethical questions concerning the solicitation of lawsuits by attorneys, the lower court noted that arrangements such as exist in the present case can only add support for the critics who wish to see class actions limited. Finally, the district judge rejected the argument that since the court could protect the class from any abuse which might occur by reason of the relationship between plaintiff and counsel, the requirements of Rule 23(a)(4) should not be strictly applied. Instead, the court ruled that an aggressive and interested class representative is required under Rule 23(a)(4).

The district judge also rejected defendants' argument that these policy considerations do not apply to Ann Flamm. First, the court pointed out that since Ann Flamm is the mother of Arnold M. Flamm, she cannot be characterized as totally independent. In addition, because the suit was filed by plaintiffs as co-trustees of an inter-vivos trust, the district judge stated that Ms. Flamm could not have filed suit without joining Arnold M. Flamm. Similarly, although there is no "legal" relationship between Mr. Meites and Mr. Flamm, the lower court stated that Mr. Meites is not independent of Mr. Flamm inasmuch as legal work is done in which Mr. Meites collaborates with the firm of Prins, Flamm, and Susman, Ltd. Finally, the lower court ruled that Arnold M. Flamm's waiver of interest in fees potentially generated by this case does not eliminate the potential for a conflict of interest. The district judge found that a conflict of interest might still exist since, as defendants pointed out, a waiver of an interest in fees may not be possible in a professional service corporation organized under the laws of the state of Illinois. The court stated:

> While plaintiffs have not responded to this point, all the court need state is that it is the spectre of conflict of interest which moves the court to deny class certification here and not the actuality of such a conflict.

### 2. The Lincoln American case.

Plaintiff-Appellant Michael Susman (hereinafter referred to as plaintiff) alleged in his complaint that defendants had acted deceptively and made misstatements and

omissions of material facts in connection with the purchase and sale of securities and the solicitation of proxies in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b–5. Plaintiff filed suit both derivatively on behalf of Consumers National Corporation and also sought to act as representative of a class of Consumers National Corporation common stock shareholders.

Defendants opposed plaintiff's motion for certification of the class on the grounds that plaintiff did not satisfy the requirements of Fed.R.Civ.P. 23(a)(4). The basis for defendants' motion was that plaintiff is the brother of Arthur Susman, one of two attorneys representing plaintiff. The other attorney representing plaintiff is Thomas R. Meites. As was the case in *Microdot*, Mr. Meites rents and shares office space in the same suite of offices occupied by Arthur Susman's law firm. The potential recovery for plaintiff is $500.

Relying on the same analysis as was applied in his prior decision in *Microdot*,[3] the district judge ruled that:

> where an individual plaintiff is represented by a member of his immediate family and/or one of his relatives' close associates, class certification is inappropriate since the plaintiff fails to satisfy the requirements of Fed.R.Civ.P. 23(a)(4).

Plaintiffs in both of the cases now before this court jointly argue on appeal that the district court decision, which they characterize as a *per se* approach, is improper. Plaintiffs assert that the adequacy of class representatives should be determined under the same rules as apply to fiduciaries acting on behalf of others in a non-class action context. Plaintiffs contend that in non-class action settings, a showing of actual danger of conflict of interest rather than the mere possibility of a conflict of interest is required to support a finding that a fiduciary will not adequately represent the interest of others. Plaintiffs argue that no actual danger of a conflict of interest exists in the present case since plaintiffs will not share in any attorney's fees which might be awarded to class counsel. Plaintiffs also contend that neither ABA Canons of Professional Ethics No. 9, nor *Kramer v. Scientific Control Corp.*, 534 F.2d 1085 (3rd Cir. 1976), *cert. denied*, 429 U.S. 830, 97 S.Ct. 90, 50 L.Ed.2d 94, a case relied upon by defendants, supports the "spectre of conflict" approach utilized by the district judge. Plaintiffs next assert that the district judge's reliance on the class representative to protect the interests of absent class members is unrealistic. According to plaintiffs, the class representative who has little knowledge of the facts of the case and relatively little at stake in the outcome of the suit inevitably relies on the class attorney. Plaintiffs assert that in reality the class attorney rather than the class representative protects the interests of the absent class members. Finally, plaintiffs point to alternative methods of protecting absent class member interests which could avoid disqualification of plaintiffs as class representatives under Rule 23(a)(4).

▪ Prior to certification of a class, a court must find that the named representatives of the class will fairly and adequately protect the interests of the class. "Basic consideration of fairness require that a court undertake a stringent and continuing examination of the adequacy of representation by the named class representatives at all stages of the litigation where absent

---

**3.** Although plaintiff is not a member of his brother's law firm, the district judge nonetheless concluded that a possible conflict of interest exists. The lower court stated:

> Even though plaintiff does not expect to share in any attorney's fees recovered in this cause, there exists the possibility that one so situated will become more interested in maximizing the "return" to his counsel than in aggressively presenting the proposed class' claims. For example, such a party might promote and be more receptive than other potential class representatives to a settlement agreement whereby his counsel might receive a relatively large and early fee which is not, in fact, in the best interests of the proposed class. While it is true that such "quick" settlements are possible in all class actions suits, the possibilities increase where there is a close personal and/or professional relationship between the named plaintiff and the attorneys seeking to represent the class.

members will be bound by the court's judgment." *National Association of Regional Medical Programs v. Mathews*, 551 F.2d 340 (D.C.Cir.1976). Strict oversight is necessitated since due process requires that absent class members be adequately represented in order to be bound by a court's judgment.[4] *National Association of Regional Medical Programs*, 551 F.2d at 344–5; *Hansberry v. Lee*, 311 U.S. 32, 42–43, 61 S.Ct. 115, 85 L.Ed. 22 (1940); *Gonzales v. Cassidy*, 474 F.2d 67 (5th Cir. 1973); Wright & Miller, Federal Practice and Procedure, § 1765, p. 617. "Adequate representation depends on two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the plaintiff must not have interests antagonistic to those of the class." *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239, 247 (3rd Cir. 1975), *cert. denied*, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679; *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2d Cir. 1968); *Cross v. National Trust Life Insurance Co.*, 553 F.2d 1026, 1031 (6th Cir. 1977). Whether a party would adequately protect the interests of the class is a question of fact depending on the circumstances of each case. *Schy v. Susquehanna Corporation*, 419 F.2d 1112, 1116 (7th Cir.

1970), *cert. denied*, 400 U.S. 826, 91 S.Ct. 51, 27 L.Ed.2d 55; Wright & Miller, Federal Practice and Procedure, § 1765, p. 622. A district judge's determination of the adequacy of representation is a matter of discretion and will not be disturbed on appeal unless abuse of discretion is shown. *Morris v. McCaddin*, 553 F.2d 866, 870 (4th Cir. 1977); *Brick v. CPC Intern., Inc.*, 547 F.2d 185 (2d Cir. 1976); Wright & Miller, Federal Practice and Procedure, § 1765, p. 623. A putative class representative has the burden of convincing the trial court that the mandatory requirements of Rule 23(a) have been satisfied. *Valentino v. Howlett*, 528 F.2d 975 (7th Cir. 1976); *Doctor v. Seaboard Coast Line R. Co.*, 540 F.2d 699, 706–707 (4th Cir. 1976); Wright & Miller, Federal Practice and Procedure, § 1765, p. 626.

The district judge found in both of the cases now before this court that plaintiffs would not adequately protect the interests of the class because of the relationship of plaintiffs to plaintiffs' counsel. The lower court's decision is supported by a majority of courts which have refused to permit class attorneys,[5] their relatives,[6] or business associates[7] from acting as the class representative.

4. As the court stated in *Hansberry v. Lee*, 311 U.S. 32, 42–45, 61 S.Ct. 115, 118, 85 L.Ed. 22 (1940):

> With a proper regard for divergent local institutions and interests . . . this Court is justified in saying that there has been a failure of due process only in those cases where it cannot be said that the procedure adopted, fairly insures the protection of the interests of absent parties who are to be bound by it. . . .
>
> It is familiar doctrine of the federal courts that members of a class not present as parties to the litigation may be bound by the judgment where they are in fact adequately represented by parties who are present, or where they actually participate in the conduct of the litigation in which members of the class are present as parties . . . . .

5. In the following cases, a putative class attorney was prohibited from simultaneously acting as class representative. *Seiden v. Nicholson*, 69 F.R.D. 681 (N.D.Ill.1976); *Graybeal v. American Savings & Loan Association*, 59 F.R.D. 7 (Dist.Col.1973); *Shields v. Valley National Bank of Arizona*, 56 F.R.D. 448 (D.Ariz.1971); *Shields v. First National Bank of Arizona*, 56

F.R.D. 442 (D.Ariz.1972); *Eovaldi v. First National Bank of Chicago*, 57 F.R.D. 545 (N.D.Ill. 1972); *Conway v. City of Kenosha, Wis.*, 409 F.Supp. 344 (E.D.Wis.1975). *Contra, Lamb v. United Security Life Company*, 59 F.R.D. 25 (S.D.Iowa 1972). Although the court in *Clark v. Cameron-Brown Co.*, 72 F.R.D. 48 (M.D.N.C. 1976), allowed the same individual to act as class representative and class counsel, two additional class representatives were involved in that suit.

6. The court in *Stull v. Pool*, 63 F.R.D. 702 (S.D.N.Y.1974), held that the wife of a member of the law firm which would act as class counsel could not qualify as class representative. See also *Toroff v. May Co.*, 531 F.2d 1357 (6th Cir. 1976); *Bogus v. American Speech and Hearing Association*, 20 F.R.Serv.2d 859 (E.D. Pa.1975). *Contra, Sweet v. Bermingham*, 65 F.R.D. 551 (S.D.N.Y.1975); *Fischer v. International Tel. & Tel. Corp.*, 72 F.R.D. 170 (E.D.N.Y. 1976).

7. The courts in the following cases ruled that a plaintiff associated with the putative class attorney's law firm cannot adequately protect

The most frequently cited policy justification for this line of cases arises from the possible conflict of interest resulting from the relationship of the putative class representative and the putative class attorney. Since possible recovery of the class representative is far exceeded by potential attorneys' fees, courts fear that a class representative who is closely associated with the class attorney would allow settlement on terms less favorable to the interests of absent class members. *Stull v. Pool*, 63 F.R.D. 702 (S.D.N.Y.1974); *Graybeal v. American Savings & Loan Assn.*, 59 F.R.D. 7 (Dist.Col.1973). Courts also have expressed fear as to the danger of champerty because of the close relationship between the putative class representative and counsel. *Byrnes v. IDS Realty Trust*, 70 F.R.D. 608, 614 (D.Minn.1976); *Shields v. Valley National Bank of Arizona*, 56 F.R.D. 448, 450 (D.Ariz.1971). Ethical considerations have also been cited as a basis for denial of class certification in these cases. Judge Gordon in *Kriger v. European Health Spa, Inc., of Milwaukee, Wis.*, 56 F.R.D. 104, 105–6 (E.D.Wis.1972), cited possible ethical questions which would be raised if the class representative were to be called as a witness while his law firm is employed in the matter:

> All parties agree that a burdensome ethical question would be raised if the plaintiff were to be called as a witness while his firm is employed in the matter. The plaintiff responds that he can pursue

the matter without testifying, or, if he should be required to testify, his employers can withdraw as counsel. I find the latter solution unsatisfactory. A person wishing to represent a class must be able to demonstrate "the forthrightness and vigor . . . which the representative party can be expected to assert." *Mersay v. First Republic Corp.*, 43 F.R.D. 465, 470 (S.D.N.Y.1968). This plaintiff has commenced an action under a disability that no other member of the class is likely to have—an inability to testify except at the cost of withdrawal of counsel familiar with the case from its inception. It is not enough to say that his testimony may not be needed; the possibility of such a need makes him less capable of adequate representation than others in the class.

Finally, in a different but related context, the court in *Kramer v. Scientific Control Corp.*, 534 F.2d 1085 (3rd Cir. 1976), held that a motion for disqualification of an attorney acting as class counsel should be granted pursuant to ABA Canons of Professional Ethics No. 9 where even an appearance of an improper conflict of interest exists because of the close relationship of the putative class representative and putative class attorney.

Our circuit has not yet considered the question of adequacy of representation when a close relationship exists between plaintiff and his attorney.[8] The Second,

---

class members interests. *Turoff v. May Co.*, 531 F.2d 1357 (6th Cir. 1976); *Brick v. CPC Intern., Inc.*, 547 F.2d 185 (2d Cir. 1976); *Kriger v. European Health Spa, Inc., of Milwaukee, Wis.*, 56 F.R.D. 104 (E.D.Wis.1972); *Cotchett v. Avis Rent A Car System, Inc.*, 56 F.R.D. 549 (S.D.N.Y.1972). See also *Kramer v. Scientific Control Corp.*, 534 F.2d 1085 (3rd Cir. 1976). *Contra, Stull v. Baker* [1973 Transfer Binder] CCH Fed.Sec.L.Rep. ⌐ 94,227 at ⌐ 94,- 929 (S.D.N.Y.1973); *Umbriac v. American Snacks, Inc.*, 388 F.Supp. 265 (E.D.Pa.1975) (dicta).

In *Sommers v. Abraham Lincoln Federal Savings and L. Ass'n*, 66 F.R.D. 581 (E.D.Pa. 1975), one of each of the five plaintiff couples was employed by plaintiffs' counsel's law firm. The court concluded that inadequacies which may have existed had been cured by the intervention of numerous other named plaintiffs.

**8.** In *Goldman v. First National Bank of Chicago*, 56 F.R.D. 587 (N.D.Ill.1972), defendant questioned the ability of plaintiff to act as class representative on the grounds that plaintiff was also acting as attorney of record. Then District Judge Bauer without ruling on the question noted the following language from *Shields v. Valley National Bank*, 56 F.R.D. 448 (N.Ariz. 1972):

> The Court . . . feels that Shields has not demonstrated competence to represent the class because he seeks to be not only the attorney for the class and be awarded a fee for his representation, he seeks in the same action, personal relief. The practice involved does not seem to the Court to comport with the high quality of objectivity, duty and integrity required of lawyers practicing in this Court or elsewhere. This case seems to involve a questionable method of soliciting le-

Third and Sixth Circuits have, however, considered various aspects of this question.

In *Brick v. CPC Intern. Inc.,* 547 F.2d 185 (2d Cir. 1976), the attorney of record for the plaintiff was plaintiff's sole law partner. The district judge denied plaintiff's motion for class certification "because of concern over the ethical problems posed by the attorney-plaintiff relationship in this case and plaintiff's 'ability and diligence to prosecute the suit as a class action.'" 547 F.2d at 186. Although declining to adopt a per se rule prohibiting class representation under the circumstances of the case, the court on appeal found that the district judge had not abused his discretion in denying class certification:

On the issue of class representation, district courts in this circuit have expressed concern over the propriety of a law partner relationship between the attorney for the class and its representative, but they have not invariably refused to certify the class when the relationship exists. Compare *Stull v. Baker* [1973 Transfer Binder] CCH Fed.Sec.L.Rep. ¶ 94,227, at 94,929 (S.D.N.Y.1973), with *Cotchett v. Avis Rent A Car System, Inc.,* 56 F.R.D. 549 (S.D.N.Y.1972). And we have not yet ruled on whether, as appellee suggests here, there should be a per se rule prohibiting the practice. See *Kramer v. Scientific Control Corp.,* 534 F.2d 1085 (3d Cir. 1976); Note, Developments in the Law—Class Actions, 89 Harv.L. Rev. 1318, 1577–86, 1585 n. 29 (1976).

We do not think that this is a proper case for fuller consideration of these issues. It is clear from the record before us that Judge MacMahon did not abuse his discretion in denying class certification. Moreover, we note that his decision does not bar class certification with another person representing the class. Under the circumstances, we will assume

arguendo that the order is appealable and affirm the district court, leaving to another day fuller discussion of the issues presented here.

547 F.2d at 186–7 (footnotes omitted).

Of the four named plaintiffs in *Turoff v. May Co.,* 531 F.2d 1357 (6th Cir. 1976), "three are attorneys with the law firm of counsel and the fourth is the wife of one of them." 531 F.2d at 1360. The court ruled that the relationship between plaintiff and counsel created an inherent conflict which prohibited plaintiffs from adequately protecting the interests of the class. For purposes of determining the adequacy of representation, the court treated plaintiffs who were members of the law firm of counsel or a spouse of a member of the law firm as being the same "person" as counsel:

The Turoffs do not have standing to represent the class of May charge account customers similarly situated. Of the four named plaintiffs, three are attorneys with the law firm of counsel and the fourth is the wife of one of them. Rule 23(a)(4) of the Federal Rules of Civil Procedure provides that a representative party must "fairly and adequately protect the interests of the class." For the same individual to attempt representation of the class as plaintiff and as counsel presents an inherent conflict of interests. Because the financial recovery for reasonable attorney's fees would dwarf the individual's recovery as a member of the class herein, the financial interests of the named plaintiffs and of the class are not coextensive. If the interests of a class are to be fairly and adequately protected, if the courts and the public are to be free of manufactured litigation, and if proceedings are to be without cloud, the roles of class representative and of class attorney cannot be played by the same

gal business and such solicitation should not be encouraged. 56 F.R.D. at 589 n. 1.
In reversing the lower court's opinion on other grounds, this court stated on appeal:
The requirements of section (a) of Rule 23 are satisfied as determined by the district court, *supra,* n. 4. The determination of subsection 4 of Rule 23(a) was not made explicit-

ly in the court's opinion, but we note that Goldman's withdrawal as counsel in the case removed the judge's major objection to his acting as the representative party for the class.
532 F.2d 10, 15 n. 6 (7th Cir. 1976), *cert. denied,* 429 U.S. 870, 97 S.Ct. 183, 50 L.Ed.2d 150.

person. See *Kriger v. European Health Spa, Inc., of Milwaukee, Wis.,* 56 F.R.D. 104 (E.D.Wis.1972); *Shields v. First National Bank of Arizona,* 56 F.R.D. 442 (D.Ariz.1972); *Shields v. Valley National Bank of Arizona,* 56 F.R.D. 448 (D.Ariz. 1971); *Cotchett v. Avis Rent A Car System, Inc.,* 56 F.R.D. 549 (S.D.N.Y.1972); *Eovaldi v. First National Bank of Chicago,* 57 F.R.D. 545 (N.D.Ill.1972); *Graybeal v. American Savings & Loan Association,* 59 F.R.D. 7 (D.C.D.C.1973); *Berkman v. Sinclair Oil Corporation,* 59 F.R.D. 602 (N.D.Ill.1973); *Shibley v. Time, Inc.,* 40 Ohio Misc. 51, 321 N.E.2d 791 (Cuy.Co.C. P.1974); *Stull v. Pool,* 63 F.R.D. 702 (S.D. N.Y.1974).

531 F.2d at 1360.

The court in *Kramer v. Scientific Control Corp.,* 534 F.2d 1085 (3rd Cir. 1976), ruled that the Code of Professional Responsibility requires that:

> . . . no member of the bar either maintaining an employment relationship, including a partnership or professional corporation, or sharing office or suite space with an attorney class representative during the preparation or pendency of a Rule 23(b)(3) class action may serve as counsel to the class if the action might result in the creation of a fund from which an attorneys' fee award would be appropriate.

534 F.2d at 1093.[9]

According to the court, the notion that the appearance of conduct is as important as the conduct itself is a predicate for the Code of Professional Responsibility. Thus, ABA Canons of Professional Ethics No. 9 provides: "A lawyer should avoid even the appearance of professional impropriety." Under this standard, the court ruled that it is immaterial whether plaintiff has taken precautions to ensure that he will not benefit from attorney's fees or act as an attorney in the case. Similarly, neither plaintiff's motivation in bringing the suit nor the quality of legal representation afforded by counsel are relevant. On the contrary, the factor mandating judicial inquiry is the appearance of impropriety inherent in plaintiff's role as representative of class members interests vis-à-vis plaintiff's business associate's desire to maximize recovery of attorney's fees from an equitable fund created by the court for the benefit of the class. Since the public understands a partnership to provide for sharing profits and losses, the court concluded that "[e]soteric internal protections in writing or under oath, insulating the plaintiff-attorney partner from participating in a fee, can hardly dissipate the lay notion that action by one partner is action for the partnership." 534 F.2d at 1092.

■ Although the cases which have been referred to offer some support for a *per se* approach, this court declines to adopt a *per*

---

**9.** The court in *Kramer* ruled that the district judge's order certifying the class action was unreviewable since it was an interlocutory order. The court held, however, that the district judge had erred in treating defendants' subsequent motion to disqualify plaintiffs' counsel merely as reargument of the certification question. The court stated:

> As previously rehearsed, page 1087 *supra,* in this case the district court treated the motion to disqualify counsel as a motion to reconsider the class action certification decision. The issue on certifying plaintiffs as class representatives—whether they would "fairly and adequately protect the interests of the class", F.R.Civ.P. 23(a)(4), when their counsel was an employee (and later a partner) in Kramer's firm—was related, but not identical, to the issue posed by the disqualification motion. Reducing the distinction to its bare essentials, the former issue relates to

who may serve as class representative, while the latter relates to who may serve as counsel. The trial court failed to perceive the difference and consequently erred. 534 F.2d at 1088.

The court found that denial of the motion to disqualify plaintiffs' attorney was appealable under the collateral rule of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

Although, as the court in *Kramer* pointed out, the disqualification motion does not raise an issue identical to a Rule 23(a)(4) question, the policy considerations expressed by the court in *Kramer* are equally applicable in the present case. Even though we find the policy considerations expressed in *Kramer* to be applicable to the present case, this court does not adopt the absolute approach utilized in that case.

*se* analysis. We find, however, that the district judge did not under the circumstances of this case abuse his discretion in ruling that plaintiffs are inadequate to act as class representatives.

■ In *Microdot,* the joint membership of Arnold M. Flamm and Arthur T. Susman in the same law firm renders Arnold M. Flamm an inadequate class representative. First, the likelihood of a conflict of interest exists between Flamm's assertion of class interests and his interest in attorney's fees which might be awarded to his law firm. Although Flamm has filed an affidavit stating that he has waived his interest in fees which might be awarded to his law firm, defendants argued before the district court and contend on appeal that Flamm's waiver of interest in attorney's fees is not possible under the Professional Service Corporation Act, Ill.Rev.Stat. ch. 32, § 415–1, *et seq.* Plaintiffs failed to respond to this point either before the district judge or on appeal. Even if plaintiff's waiver is effective, plaintiff retains both pecuniary and non-pecuniary interests in an award of attorney's

fees to his law firm which would support a finding of a likelihood of a conflict of interest.[10] For example, the value of stock held by Flamm in Prins, Flamm and Susman, Ltd., might increase if the law firm received a large recovery for attorney's fees. In addition, plaintiff also retains an interest in the reputation and good will of his law firm which would be enhanced by a large attorney's fee award. See *SCA Services, Inc. v. Hon. Robert D. Morgan, Judge, United States District Court for the Southern District of Illinois, et al.,* No. 77–1194, 557 F.2d 110, 115 (7 Cir. 1977). Thus, we agree with the district judge that under these circumstances the likelihood of a conflict of interest justifies denial of class certification.[11] As the court stated in *Turoff,* 531 F.2d at 1360:

> Because the financial recovery for reasonable attorney's fees would dwarf the individual's recovery as a member of the class herein, the financial interests of the named plaintiffs and of the class are not coextensive. If the interests of a class are to be fairly and adequately protected, if the courts and the public are to be free

---

**10.** We find that *Kesselhaut v. United States,* 555 F.2d 791 (Ct.Cl.1977), a case submitted to this court by plaintiffs pursuant to Circuit Rule 11, is distinguishable from the present case.

In *Kesselhaut,* the trial judge disqualified the law firm of Krooth and Altman from representing plaintiffs because A. M. Prothro, an attorney working for the law firm who had recently retired as General Counsel of the FHA, had come into contact with plaintiffs' lawsuit before he left the FHA. Prothro was not a partner in Krooth and Altman. He initially received a straight salary and later was paid hourly compensation for part-time work. Prothro disqualified himself from all contacts with the lawsuit and expected to retire prior to the time when plaintiffs' case would come to trial. On the basis of these facts, the Court of Claims, sitting en banc, reversed the trial judge's decision. The court ruled that disqualification of an entire law firm because of the prior involvement of one of its members when serving as a government attorney was too inflexible a rule. The primary policy consideration relied upon by the court was that an inflexible disqualification of an entire law firm "would act as a strong deterrent to the acceptance of Government employment by the most promising class of young lawyers." At 793.

The policy consideration relied upon by the court in *Kesselhaut* is not applicable to the case

now before this court. In addition, the decision in *Kesselhaut* was made in a nonclass action context free from the requirements imposed by Rule 23(a)(4) and the due process clause in a class action context. We therefore conclude that *Kesselhaut* does not control our decision in the present case.

**11.** Plaintiffs argue that an actual conflict of interest must be shown to support a finding that the requirements of Rule 23(a)(4) have not been met. While "mere imaginative speculation" is not enough, *Robertson v. National Basketball Association,* 389 F.Supp. 867, 899 (S.D. N.Y.1975), the district court must assess the likelihood that a conflict of interest may exist. *Sosna v. Iowa,* 419 U.S. 393, 403, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975); *Swain v. Brinegar,* 517 F.2d 766, 780 (7th Cir. 1975); *Phillips v. Klassen,* 163 U.S.App.D.C. 360, 502 F.2d 362, 366 (1974), *cert. denied,* 419 U.S. 996, 95 S.Ct. 309, 42 L.Ed.2d 269; *Cullen v. United States,* 372 F.Supp. 441, 448 (N.D.Ill.1974). We believe that the likelihood of a conflict of interest exists where the class representative's possible recovery is far outweighed by attorney's fees which might be awarded to a law firm in which he is a member. That relationship raises an inherent conflict of interest. See *Turoff,* 531 F.2d at 1360.

of manufactured litigation, and if proceedings are to be without cloud, the roles of class representative and class attorney cannot be played by the same person.

We also find that this possible conflict of interest must be considered in conjunction with public perception that plaintiff shares in attorney's fees won by his law firm. As the court in *Kramer,* 534 F.2d at 1092, noted, "esoteric internal protections" preventing an attorney from sharing in fees awarded to his law firm do not dissipate the public's perception that plaintiff would in fact receive benefit from fees awarded to his law firm.[12] Thus, policy considerations expressed by the court in *Kramer, supra,* which have their roots in ABA Canons of Professional Ethics No. 9, also support the lower court's decision.[13]

We find for similar reasons that the district court properly concluded in *Lincoln American* that Michael Susman is under the circumstances an inadequate class representative. Michael Susman's possible recovery as plaintiff is dwarfed by attorney's fees which could be awarded to his brother as class counsel. As the district judge stated:

> Even though plaintiff does not expect to share in any attorney's fees recovered in this cause, there exists the possibility that one so situated will become more interested in maximizing the "return" to his counsel than in aggressively presenting the proposed class' action.

In addition, the likelihood of a conflict of interest is also supported by "the natural assumption that brothers enjoy a close personal and family relationship and, consequently, would be inclined to support each other's interests." *SCA Services, Inc.,* No. 77–1194, at 116.[14]

■ Plaintiffs' relationship to Mr. Meites raises similar considerations. The fact that an individual rents office space from a law firm does not by itself render a member of that firm or a relative of a member of that firm an inadequate class representative. On the contrary, a court must examine the circumstances of each case. The district court's ruling which was based on the interdependence between Mr. Meites and the law firm of Prins, Flamm and Susman, Ltd., cannot be said to be an abuse of discretion.

We do not accept under the circumstances of this case plaintiffs' argument that reliance on the court's control of settlement and attorney's fees renders strict enforcement of the requirements of Rule 23(a)(4) unnecessary. Nor do we under the present circumstances agree with plaintiffs that a realistic approach to ensuring protection of absent class members' interests places principal reliance on class counsel and the court. Both Rule 23(a)(4) and the due process clause require that representative parties adequately protect the interests of absent

12. We do not believe that the analysis in *Kramer* is rendered inapplicable to the present case by the fact that plaintiff's law firm is organized as a professional service corporation rather than as a partnership. The court in *Kramer,* 534 F.2d at 1093, included professional service corporations within the scope of its holding.

13. Plaintiffs rely on *International Electronics Corp. v. Flanzer,* 527 F.2d 1288 (2d Cir. 1975), for the proposition that in the absence of a violation of one of the provisions in Canons 1 through 8, Canon 9's caveat cannot be independently relied upon. Plaintiffs have, however, misread *Flanzer.* The court in *Flanzer* only cautioned against indiscriminate application of Canon 9 where the facts do not fit within Canons 1–8. The court did not set forth an inflexible prohibition on the independent use of Canon 9. The court stated:

> From what we have said, it must be clear that we do not think the question of "appearances" under Canon 9 is particularly acute in this case. We caution, as the Connecticut Bar Association urges us to do, that Canon 9, though there are occasions when it should be applied, should not be used promiscuously as a convenient tool for disqualification when the facts simply do not fit within the rubric of other specific ethical and disciplinary rules. 527 F.2d at 1295.

14. We also agree with the district court that Ann Flamm is not by herself an adequate class representative. As the district court pointed out, Ann Flamm is also subject to a conflict of interest analysis because of her relationship as the mother of Arnold Flamm. In addition, the district court found that Ms. Flamm as co-trustee could not have brought this suit without also joining her son as plaintiff.

class members. The entire process of adjudication which is comprised of the class representative, class counsel, and the trial judge must ensure adequacy of representation. *National Ass'n of Regional Medical Programs,* 551 F.2d at 346; Developments in the Law—Class Actions, 89 Harv.L.Rev. 1321, 1410–11 (1976).[15] We find that the district judge was acting well within his discretion in strictly applying the requirements of Rule 23(a)(4) where the close relationship between plaintiff and counsel creates an inherent conflict of interest. We note, however, that judicial control over class settlements and attorney's fees might, under other circumstances, provide adequate protection for the due process rights of absent class members.

As the district judge noted, plaintiffs are free to seek different counsel and thereby dispel any possibility of a conflict of interest. In lieu of a change in counsel which might result in a certification of the class actions, plaintiffs are not barred from continuing the lawsuits on their own behalf.

By holding as we do in this case we intend no adverse reflection whatsoever, either professionally or personally, upon the individual counsel involved.

For the foregoing reasons, the rulings by the district judge in the two cases now before this court are hereby affirmed.

---

15. Citing state court cases where fiduciaries in non-class action contexts were allowed to either act as attorney or employ a member of the fiduciaries' law firm as an attorney, plaintiffs urge that a similar rule be applied to class representatives. The cases cited by plaintiffs are, however, inapposite to the present case. Strict application of the adequacy of representation requirement is mandated by due process considerations since absent class members will be bound by the court's judgment. Similar considerations were not raised in the cases cited by plaintiffs.