Horace **GREELEY**, on behalf of himself and all others similarly situated, Plaintiff,

v.

**KLM ROYAL DUTCH AIRLINES,** Defendant.

No. 78 Civ. 5857.

United States District Court, S. D. New York.

March 5, 1980.

---

Thomas A. Dickerson, New York City, for plaintiff.

Condon & Forsyth, New York City, for defendant; Stephen J. Fearon, New York City, of counsel.

## OPINION

ROBERT J. WARD, District Judge.

Plaintiff Horace Greeley moves pursuant to Rule 23(c)(1), Fed.R.Civ.P., for certification of this action as a class action. Because plaintiff has failed to demonstrate that this action is properly maintainable as a class action under Rule 23, the motion is denied.

The class plaintiff seeks to represent consists of those passengers with whom defendant KLM Royal Dutch Airlines ("KLM" and "the airline") settled, or offered to settle, claims for lost baggage on terms which allegedly did not accord with the requirements of the Warsaw Convention ("the Convention"), 49 Stat. 3000, T.S.No. 876.[1]

Plaintiff alleges that three pieces of jewelry, which he values at $1650, were lost or stolen from his baggage during a KLM flight from St. Maarten to New York on February 28, 1978. In response to a claim Greeley lodged with KLM, defendant denied liability for the lost jewelry on the grounds that Rule 25(H) of Civil Aeronautics Board ("CAB") Tariff No. 55 relieved the airline of liability for loss, damage or delay in the delivery of jewelry. Apparently also relying on Rule 25(F) of Tariff No. 55[2] and article 22(2) of the Warsaw Con-

1. The full text of the Warsaw Convention appears as an appendix to 49 U.S.C.A. § 1502.

2. Rules 25(F) & 25(H) of CAB Tariff No. 55 (effective November 1, 1974) provide as follows:

(F) In the event of delivery to the passenger of part but not all of his checked baggage (or in the event of damage to part but not all of such baggage) the liability of the Carrier with respect to the undelivered (or damaged) portion shall be reduced proportionately on the basis of weight, notwithstanding the value of any part of the baggage or contents thereof.

(H) (1) (Not applicable via DL and PA for carriage wholly between points in the United States)—Carrier is not liable for loss, damage to or delay in the delivery of fragile or perishable articles, money, jewelry, silverware, negotiable papers, securities or other valuables, business documents, or samples which are included in the passengers' checked baggage, whether with or without the knowledge of Carrier.
(2) (Applicable only via DL and PA for carriage wholly between points in the United States)—Carrier is not liable for loss, damage to or delay in the delivery of fragile or perishable articles which are included in the passenger's checked baggage, whether with or without the knowledge of Carrier.

vention,[3] KLM informed plaintiff that its liability for any baggage loss was limited to $20 per kilogram, or $9.07 per pound, and offered Greeley $20 in full settlement of his claim. Defendant told plaintiff that it did not believe plaintiff's jewelry could have weighed more than one kilogram and advised Greeley that the maximum KLM could owe him was $20. Plaintiff refused to settle and brought an action against KLM in the Supreme Court of the State of New York. The action was removed to this Court under 28 U.S.C. § 1441(d).[4]

Essentially, Greeley contends that KLM could not rely on Rules 25(F) and 25(H) of CAB Tariff No. 55 to limit the airline's liability for the missing jewelry because it did not comply with article 4 of the Warsaw Convention.[5] Under article 4(3) an airline engaged in international transportation must issue each passenger a baggage check containing, *inter alia*, the number and weight of the packages checked and, if appropriate, the amount of any declared value under article 22(2).[6] Plaintiff alleges that KLM failed to comply with these requirements—not having issued him a baggage check containing the number and weight of

the packages he checked on the St. Maarten-to-New York flight—and thus, as provided in article 4(4), could not avail itself of the limitations of liability set forth in article 22(2) of the Convention. To the extent, then, that Rules 25(F) and 25(H) of Tariff No. 55 attempt to limit KLM's liability in an instance where the airline has failed to comply with article 4 of the Warsaw Convention, plaintiff argues that the rules are in conflict with the Convention and of no force and effect.

It appears to be Greeley's further contention that defendant engaged in a consistent pattern of fraudulent conduct when it relied on the allegedly invalid tariff provisions to induce settlements from aggrieved passengers who had filed claims for lost or damaged baggage. Plaintiff maintains that this alleged pattern of fraudulent conduct by KLM toward him and the members of the purported class is the common thread joining, for class action purposes, his claim against defendant and the claims of the people he seeks to represent. He asserts that this action should therefore be certified as a class action pursuant to Rule 23(b)(3) or, in the alternative, pursuant to

---

**3.** Article 22(2) of the Warsaw Convention, 49 Stat. 3000, T.S.No. 876, provides:

In the transportation of checked baggage and of goods, the liability of the carrier shall be limited to a sum of 250 francs per kilogram, unless the consignor has made, at the time when the package was handed over to the carrier, a special declaration of the value at delivery and has paid a supplementary sum if the case so requires. In that case the carrier will be liable to pay a sum not exceeding the declared sum, unless he proves that that sum is greater than the actual value to the consignor at delivery.

**4.** Plaintiff's motion to remand this action to the state court was denied by this Court on February 28, 1979.

**5.** Article 4 provides:

(1) For the transportation of baggage, other than small personal objects of which the passenger takes charge himself, the carrier must deliver a baggage check.
(2) The baggage check shall be made out in duplicate, one part for the passenger and the other part for the carrier.
(3) The baggage check shall contain the following particulars:
(a) The place and date of issue;

(b) The place of departure and of destination;
(c) The name and address of the carrier or carriers;
(d) The number of the passenger ticket;
(e) A statement that delivery of the baggage will be made to the bearer of the baggage check;
(f) The number and weight of the packages;
(g) The amount of the value declared in accordance with article 22(2);
(h) A statement that the transportation is subject to the rules relating to liability established by this convention.
(4) The absence, irregularity, or loss of the baggage, check [sic] shall not affect the existence or the validity of the contract of transportation which shall none the less be subject to the rules of this convention. Nevertheless, if the carrier accepts baggage without a baggage check having been delivered, or if the baggage check does not contain the particulars set out at (d), (f), and (h) above, the carrier shall not be entitled to avail himself of those provisions of the convention which exclude or limit his liability.

**6.** *See* note 3 *supra*.

Rule 23(b)(1)(A). Inasmuch as plaintiff has failed to demonstrate that the purported class meets the prerequisites of Rule 23(a), however, the Court need not reach the question of whether this action is maintainable under the provisions of Rule 23(b)(3) or Rule 23(b)(1)(A).

To bring an action against KLM for the full value of his missing jewelry, Greeley need only establish that, because KLM failed to comply with the baggage-check requirements of article 4 of the Warsaw Convention, the airline cannot rely on the limitations of liability in article 22(2) of the Convention and on Rules 25(F) and 25(H) of CAB Tariff No. 55. Greeley did not settle his dispute with KLM and thus did not rely on the airline's alleged misrepresentations about the efficacy of the tariff rules. Consequently, plaintiff need not prove fraud or misrepresentation to recover.[7] Conversely, those members of the purported class who have settled with defendant will be required to avoid the finality of their settlements, presumably by establishing that the settlements were induced by KLM's alleged misstatements concerning its limited liability. Thus, to represent the interests of these class members adequately, plaintiff will have to make a persuasive showing that the aggrieved KLM passengers who settled with the airline should not be bound by the terms of their settlements. Yet to prevail on his individual claim, Greeley will not have to make this threshold showing.

Plaintiff has the burden of convincing the Court that the mandatory requirements of Rule 23(a) have been satisfied. *Susman v. Lincoln American Corp.*, 561 F.2d 86, 90 (7th Cir. 1977). The most important of these requirements—perhaps a requirement of due process, *see Gonzales v. Cassidy*, 474 F.2d 67, 74 (5th Cir. 1973)—is the mandate of Rule 23(a)(4) that the representative party or parties "fairly and adequately protect the interests of the class." Accordingly, the Court must "carefully scrutinize the adequacy of representation," *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2d Cir. 1968), to ascertain "the forthrightness and vigor with which the representative party can be expected to assert and defend the interests of the members of the class." *Mersay v. First Republic Corp. of America*, 43 F.R.D. 465, 470 (S.D.N.Y.1968).

It cannot fairly be said that plaintiff's interests are antagonistic to the interests of those members of the purported class who settled with KLM. Although those individuals who are satisfied with the resolution of their disputes with the airline very well may not want this action to proceed on their behalf, if the Court were to certify this action as a class action under Rule 23(b)(3) these individuals would be able to exclude themselves from the class in accordance with Rule 23(c)(2). However, there is no assurance that Greeley will vigorously litigate those questions of fact and law which he need not address to prevail on his individual claim but which are essential to any recovery by the still-aggrieved KLM passengers who settled with the airline. Absent such assurance plaintiff cannot be considered an adequate class representative under Rule 23(a)(4).

Rule 23(a)(4) requires that the interest of the representative party and the interests of the entire class be coextensive. This requirement often has been viewed as an alternative way of stating that the representative's claims or defenses must be typical of those of the class, as required by Rule 23(a)(3), and the requirements of 23(a)(3) and 23(a)(4) have frequently been considered simultaneously. *See Rueckert v. Sheet Metal Workers' Int'l Ass'n*, 77 F.R.D. 409, 410 (S.D.N.Y.1977), and *Robertson v. National Basketball Ass'n*, 389 F.Supp. 867,

---

7. Indeed, he could not do so, for Greeley refused to accept KLM's $20 settlement offer and thus never relied on the airline's alleged misstatements of limited liability. Reliance, of course, is an element of any *prima facie* case grounded in fraud or misrepresentation. *See, e. g., Van Alen v. Dominick & Dominick, Inc.*,

898 (S.D.N.Y.1975).[8] Having refused to settle, plaintiff has no personal reason to be concerned with the means by which KLM induced settlements from others and therefore has no real interest in proving those settlements were wrongfully obtained. Thus his interest is not coextensive with the interests of the class members who settled, and his claim is not typical of those of the class. *Elkind v. Liggett & Myers, Inc.*, 66 F.R.D. 36, 41–42 (S.D.N.Y.1975).

Since Greeley need not prove what others in the purported class must establish, his claim is not typical and he cannot be relied on to represent the interests of the class adequately. Accordingly, having failed to meet the prerequisites of Rule 23(a), plaintiff's motion for class certification is denied. Plaintiff has neither attempted to demonstrate nor argued that there is anyone other than himself in the purported class who did not settle with KLM. Thus the Court need not consider whether certification of the portion of the class which did not settle with the airline would be proper under Rule 23(a)(1).[9]

Plaintiff's action may proceed as an individual action against defendant. The parties are to complete discovery by May 30, 1980, and submit a pre-trial order by June 30, 1980.

It is so ordered.

.441 F.Supp. 389, 403 (S.D.N.Y.1976), *aff'd*, 560 F.2d 547 (2d Cir. 1977).

8. It has also been suggested that the four prerequisites of Rule 23(a) be viewed independently as analytically sequential inquiries, with the requirements of 23(a)(1) through 23(a)(4) each presenting a finer mesh through which the proposed class must pass before it can be considered for certification under one of the provisions of Rule 23(b). 3B J. Moore, Federal Practice ¶ 23.06–2 (2d ed. 1979). Under this approach the Court would not reach the Rule 23(a)(4) question of adequacy of representation for plaintiff's purported class fails to pass muster under Rule 23(a)(3).

9. Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable."