**Theora M. BERGGREN and C. Lee Joseph, individually and on behalf of a class of persons similarly situated, Plaintiffs,**

v.

**The SUNBEAM CORPORATION, a corporation, the Sunbeam Appliance Co. and Allegheny International, Inc., Defendants.**

**No. 85 C 0100.**

United States District Court,
N.D. Illinois, E.D.

Dec. 10, 1985.

Charles Pressman, Charles Pressman, P.C., Chicago, Ill., for plaintiffs.

Charles R. McKirdy, Pope, Ballard, Shepard & Fowle, Ltd., Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Before this Court is plaintiffs' motion for class certification. Plaintiffs' cause of action arises out of an alleged violation of Title VII, 42 U.S.C. § 2000e et seq. This Court denies plaintiffs' motion for class certification for the reasons stated herein.

## FACTS

Plaintiffs are former employees of defendant Sunbeam Appliance Company (Sunbeam). They worked for Sunbeam for 15 years as outside salesmen. Plaintiffs functioned independently of Sunbeam personnel and without direct supervision.

In 1985 plaintiffs brought this suit claiming they received less compensation than male employees received for similar work. In addition, they assert they were continu-

ously denied promotional opportunities made available to men. Finally, they argue Sunbeam implemented policies resulting in sex discrimination in its compensatory and promoting practices.

## DISCUSSION

Before this Court may certify a class action, the proposed class must meet all of Federal Rule 23(a)'s requirements and one of Rule 23(b)'s requirements. Pursuant to Rule 23(a), the class must meet the prerequisites of numerosity, commonality, typicality, and adequacy of representation. When considering whether these prerequisites are met, this Court may look behind the pleadings and consider depositions, affidavits, and other documents on file before it makes a class determination. *General Telephone Company of the Southwest v. Falcon*, 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982).

The party seeking class certification has the burden of showing that the requirements of Rule 23(a) have been met. *Valentino v. Howlett*, 528 F.2d 975, 978 (7th Cir.1976). While a Court is bound to construe each of the requirements liberally, the ultimate determination of whether each factor has been met rests in the discretion of the trial court. *Susman v. Lincoln American Corp.*, 561 F.2d 86, 90 (7th Cir. 1977).

In light of the above framework, it is clear that plaintiffs' suit cannot be certified as a class action. The commonality requirement of Rule 23(a) has not been met. Plaintiffs fail to demonstrate that there are questions of law or fact common to the class. Plaintiffs fail to link their claim with those of the putative class by showing that the discrimination they allegedly suffered was typical, or that a policy of sexual discrimination pervaded Sunbeam's compensatory and promoting practices.

Plaintiffs fail to carry the burden of Title VII plaintiffs who seek to represent a class. Plaintiffs do allege that Sunbeam maintains a general policy of sex discrimination in its compensatory and promoting practices. However, they produced no reliable evidence that other class members were victims of discrimination. Nor do plaintiffs show that the proof or legal arguments involved in their claims and the class claims would be overlapping so that a class suit would advance Rule 23's goal of judicial economy. Instead, this Court believes that a class certification would degenerate this action into a series of mini-trials. *See State of Alabama v. Blue Bird Body Co.*, 573 F.2d 309, 328 (5th Cir.1978).

The acts for which plaintiffs complain are not susceptible to class treatment even if plaintiffs were to specify grievances of other members of the purported class. A certifiable class claim must arise out of the same legal or remedial theory. *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 831 (8th Cir.1977). Similar claims of other employees would not meet that requirement. The issue of whether a particular job promotion or compensation request denial was discriminatory depends on a variety of factors peculiar to the individuals competing for the vacancy. The factors include relative seniority, qualifications, performance record, availability for work, desire to relocate, and desire to perform a new job.

Plaintiffs are former outside sales representatives. They seek, however, to represent all Sunbeam's female employees, including supervisory and nonsupervisory personnel, union and nonunion employees, and salaried and hourly workers. Therefore, each discriminatory claim would present a different set of facts for each employee. "In other words, the plaintiffs' claims do not relate to general policies or practices which are allegedly discriminatory, but rather to individualized claims of discrimination which could not possibly present common questions of law or fact sufficient to justify class action treatment." *Patterson v. General Motors*, No. 73 C 1751 at 7 (N.D.Ill. Sept. 26, 1974).

## CONCLUSION

Plaintiffs fail to show that there are questions of law or fact common to the prospective class as required by Rule 23(a).

Accordingly, plaintiffs' motion for class certification is denied.

IT IS SO ORDERED.