Thomas HOOKS, Jr., Plaintiff-Appellant,

v.

GENERAL FINANCE CORPORATION and General Finance Corporation of Michigan, Defendants-Appellees.

No. 79–1574.

United States Court of Appeals, Sixth Circuit.

Argued June 3, 1981.

Decided June 25, 1981.

David W. Sinclair, Detroit, Mich., for plaintiff-appellant.

Philip M. Frost, Kenneth J. McIntyre, Detroit, Mich., for defendants-appellees.

Before LIVELY, MERRITT and KENNEDY, Circuit Judges.

**652**

PER CURIAM.

The sole question in this appeal is whether the district court abused its discretion in denying class certification. The plaintiff brought this action under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* and Regulation Z, 12 C.F.R. Part 226 *et seq.*, and made a motion to certify a class consisting of all individuals who had obtained credit from the defendant using specified credit instruments within one year of the filing of the law suit. However, the plaintiff stated to the court that he was willing to represent the class only if he could do so without sacrificing the full individual award of $1,000 which he would have been entitled to recover if he prevailed on the merits rather than a pro rata share of a class recovery.

Recognizing "a lot of problems" with the motion for class action certification, the district court concluded that the plaintiff could not be an adequate class representative if he insisted on the maximum statutory recovery for himself rather than a pro rata share of any recovery to which the class might be entitled, even if he met the other prerequisites of Rule 23, Fed.R.Civ.P., for class action representation.

Upon consideration of the briefs and oral arguments of counsel together with the record on appeal the court concludes that the district court did not abuse its discretion in denying class action certification in this case. We agree with the court in *Brame v. Ray Bills Finance Corp.*, 85 F.R.D. 568 (N.D. N.Y.1979), that the plaintiff's insistance that he recover the full statutory award while other members of the class would be limited to a pro rata share of the class award places him in an antagonistic position to other class members. For this reason the requirements of Rule 23(a)(4) were not satisfied.

The judgment of the district court is affirmed.