**In re PAINEWEBBER SECURITIES LITIGATION.**

**In re ICN/VITAREK SECURITIES LITIGATION.**

**Nos. 86 Civ. 6776 (VLB), 87 Civ. 4296 (VLB).**

United States District Court, S.D. New York.

Oct. 15, 1993.

■

Cravath, Swaine & Moore, New York City, for Painewebber.

———

**MEMORANDUM ORDER**

VINCENT L. BRODERICK, District Judge.

**I**

■ United States Magistrate Judge Mark D. Fox has directed that named plaintiff class representatives in these securities class actions disclose all securities transactions during a thirteen (13) year period.

Plaintiffs have objected to Judge Fox's ruling. For the reasons outlined below, I overrule the objections.

**II**

Representation of others in a class suit, particularly under the securities laws, amounts to functioning as a private attorney general. While injury to a named plaintiff is necessary, the primary goal where federal statutes permit private suits on behalf of others as well, through the mechanism of a class action under Fed.R.Civ.P. 23, is protection of the public. See generally *Brunswick Co. v. Pueblo Bowl–O–Mat Inc.*, 429 U.S. 477, 97 S.Ct. 690, 50 L.Ed.2d 701 (1977) (injury to competition, not to complaining competitor, crucial in antitrust suit).

Various practices which might be condemned or upheld in the litigation at hand might have atypical repercussions for investors with unusual market activities. Large-scale involvement in atypical securities transactions might create a conflict of interest precluding the named plaintiff class representatives from acting single-mindedly in promoting the interests of shareholders primarily relying on the invoked efficiency of the market. See generally *Brick v. CPC International, Inc.*, 547 F.2d 185 (2d Cir. 1976); *Warren v. Reserve Fund*, 728 F.2d 741 (5th Cir.1984); *Hooks v. General Finance Corp.*, 652 F.2d 651 (6th Cir.1981); see

also *In re Consumers Power Co. Securities Litigation*, 105 F.R.D. 583 (E.D.Mich.1985); *Stull v. Pool*, 63 F.R.D. 702 (W.D.N.Y.1974).

█ A class representative with potential multiple agendas might lack the singleness of purpose necessary for the fiduciary role of acting for other investors. One who represents others in a class action should be free of extraneous tugs on one's loyalties; an analogy may be drawn to the undivided loyalty required in other roles.[1] Here, conflicts of interest may exist if class representatives involved in insider transactions, large-scale short-sales, arrangements for hostile takeovers or other atypical securities transactions seek to represent other investors not likely to be engaged in such transactions connected with the events on which the complaint is based.

Such multiple agendas might lead class representatives to bypass or downplay the vulnerability of certain conduct of a defendant which might well coincide with similar behavior of the named plaintiff involved. Similarly, a special effort might be made to obtain a ruling adverse to a type of behavior engaged in by a current or expected business rival or adversary.[2]

Discovery under Fed.R.Civ.P. 26(b)(1) may include information reasonably calculated to lead to admissible evidence even if not itself directly admissible. There is no claim here that the discovery ruling made by Magistrate Judge Fox contravenes any privilege or is "contrary to law" under 28 U.S.C. § 636(b)(1)(A). Nor is there any basis for finding the discovery ruling here "clearly erroneous," the only other basis available to plaintiffs in asking me to set it aside under 28 U.S.C. § 636.

### III

Plaintiffs in the conclusion on the last page of their memorandum of law assert that the disclosure ordered by the Magistrate Judge is "unduly burdensome." Plaintiffs furnish no specific evidence of excessive amounts of time or expense which would be imposed. No affidavit of any plaintiff is submitted establishing "undue burden or expense" which would justify a protective order under Fed. R.Civ.P. 26(c), much less require Magistrate Judge Fox to have granted such relief under any of the applicable tests set forth in 28 U.S.C. § 636, quoted above.

The named plaintiffs from whom discovery is sought are the only parties in a position to know whether accessing their own files or the making of simple requests to their accountants or brokers would yield the requested information with only a modicum of expense or difficulty. Plaintiffs' silence on this point supports an inference that there is no undue burden. See *Interstate Circuit v. United States*, 306 U.S. 208, 225–26, 59 S.Ct. 467, 473–74, 83 L.Ed. 610 (1939); *Caminetti v. United States*, 242 U.S. 470, 495, 37 S.Ct. 192, 198, 61 L.Ed. 442 (1917); *Brink's Inc. v. City of New York*, 717 F.2d 700 (2d Cir.1983); 2 Wigmore, *Evidence* § 285 (Chadbourn rev. ed. 1979).

SO ORDERED.

**1.** See *Young v. United States ex rel. Vuitton et Fils, SA*, 481 U.S. 787, 107 S.Ct. 2124, 95 L.Ed.2d 740 (1987) (private prosecutor in contempt case); *Commonwealth Coatings v. Continental Casualty Co.*, 393 U.S. 145, 89 S.Ct. 337, 21 L.Ed.2d 301 (1968) (arbitrator); *Steele v. Louisville & Nashville R. Co.*, 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173 (1944) (duty of fair representation in collective bargaining); id. at 205–206, 65 S.Ct. at 233–234 (Railroad Adjustment Board authorized to settle disputes); *Tumey v. Ohio*, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927) (judicial officer); *Derico v. IBM*, 1993 WL 106799 1993 U.S.Dist. LEXIS 4546 (April 6, 1993) (health care review agency to resolve beneficiary—payor disputes).

**2.** It can be argued that nontypical securities transactions might indicate that named plaintiffs could not have relied on the efficiency of securities markets, and hence be unable to claim damage based on fraud on the market. *Zlotnick v. TIE Communications*, 836 F.2d 818, 822–23 (3d Cir.1988).

It is not now necessary to deal with the scope of such a barrier, which to the extent recognized might apply to class members as well as class representatives.