*Jok v. City of Burlington, et al.*

# United States Court of Appeals
# For the Second Circuit

August Term 2022

Argued: May 31, 2023
Decided:  March 15, 2024

No. 22-413

MABIOR JOK,

*Plaintiff-Appellee,*

*v.*

CITY OF BURLINGTON, VERMONT; BRANDON DEL POZO, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS CHIEF OF POLICE FOR THE CITY OF BURLINGTON, VERMONT;
JOSEPH CORROW, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE
OFFICER FOR THE CITY OF BURLINGTON, VERMONT,

*Defendants-Appellants,*

JASON BELLAVANCE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE
OFFICER FOR THE CITY OF BURLINGTON, VERMONT; JANINE WRIGHT, INDIVIDUALLY
AND IN HER OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF BURLINGTON,
VERMONT,

*Defendants.*

Appeal from the United States District Court
for the District of Vermont
No. 2:19CV00070, William K. Sessions III, *Judge*.

---

Before: LEE, PÉREZ, AND MERRIAM, *Circuit Judges*.

Plaintiff-appellee Mabior Jok alleges that defendant-appellant Joseph Corrow, an officer of the Burlington Police Department, used excessive force in violation of the Fourth Amendment when he took Jok to the ground outside of a bar in Burlington, Vermont. Jok brought this suit asserting a variety of claims against Corrow, the City of Burlington, and other police officers in the United States District Court for the District of Vermont (Sessions, J.). Defendants moved for summary judgment, asserting that Corrow was entitled to qualified immunity. The District Court denied summary judgment, finding that disputes of material fact precluded a finding of qualified immunity. Corrow filed an interlocutory appeal. We hold that Corrow has failed to establish appellate jurisdiction because he continues to assert disputes of fact, and no pure question of law is presented for our review. We therefore **DISMISS** the interlocutory appeal for lack of appellate jurisdiction.

ROBB A. SPENSLEY, Chadwick & Spensley, PLLC, Pittsford, VT, *for Plaintiff-Appellee.*

PIETRO J. LYNN, Lynn, Lynn, Blackman & Manitsky, P.C., Burlington, VT, *for Defendants-Appellants.*

SARAH A. L. MERRIAM, *Circuit Judge*:

In the early morning hours of September 8, 2018, plaintiff-appellee Mabior Jok and a group of people were standing outside a bar in Burlington, Vermont.

The group was loud. Defendant-appellant Joseph Corrow, an officer of the Burlington Police Department who was on patrol in the area, approached the group, having been "drawn to an altercation . . . by multiple males yelling." App'x at 142. Much of what happened next is hotly disputed, but all agree that shortly thereafter, Corrow placed his hands on Jok and took him to the ground, using what Corrow claimed was "a modified arm bar." Id. at 168. Jok hit his head on the sidewalk, lost consciousness, and started bleeding; as a result, he was taken by ambulance to the hospital. Jok was charged with disorderly conduct, but the charge was later dismissed. See Jok v. City of Burlington, No. 2:19CV00070(WKS), 2022 WL 444361, at *1 (D. Vt. Feb. 14, 2022). He thereafter brought suit against Corrow and others, asserting a variety of claims including, as relevant here, a claim that Corrow used excessive force against him in violation of his Fourth Amendment rights.

Corrow moved for summary judgment on several grounds, including that he was entitled to qualified immunity. The United States District Court for the District of Vermont (Sessions, J.), denied the motion, concluding: "In this case, there are disputes of fact and those disputes are material and genuine. Summary judgment therefore cannot be granted on the basis of qualified immunity." Id. at

3

*8. Corrow[1] then filed the instant interlocutory appeal, challenging that denial.

We hold that Corrow has failed to establish appellate jurisdiction, and

accordingly we dismiss the appeal.

I.    **Applicable Law**

   A.    **The Appellant Bears the Burden of Establishing Appellate Jurisdiction.**

Under 28 U.S.C. §1291, our appellate jurisdiction is generally limited to

reviewing "final decisions" of United States District Courts. Id. The statute is

designed to "disallow appeal[s] from any decision which is tentative, informal or

incomplete." Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949).

"Generally, a final decision is one 'that ends the litigation on the merits and

leaves nothing for the court to do but execute the judgment.'" Bey v. City of New

York, 999 F.3d 157, 163 (2d Cir. 2021) (quoting Rabbi Jacob Joseph Sch. v.

Province of Mendoza, 425 F.3d 207, 210 (2d Cir. 2005)).

It is beyond dispute that a party seeking to invoke the jurisdiction of a

_____

[1] The Notice of Appeal lists Joseph Corrow, the City of Burlington, Vermont, and Brandon del Pozo, as appellants. However, the Appellants' brief makes arguments only on behalf of Corrow, and, indeed, refers to "Appellant" in the singular throughout. See, e.g., Appellants' Br. at 1 ("[T]he issue on appeal is the District Court's denial of Appellant Officer Corrow's Motion for Summary Judgment on the basis of qualified immunity."). We therefore proceed to evaluate the issues on appeal only as to Corrow.

4

federal court bears the burden of establishing it. See, e.g., Blockbuster, Inc. v. Galeno, 472 F.3d 53, 58 (2d Cir. 2006) ("The line of cases confirming the rule that the party invoking jurisdiction bears the burden is a venerable one."). This principle extends to appellate jurisdiction; the Federal Rules of Appellate Procedure make it clear that an appellant must demonstrate that the Court has appellate jurisdiction over the matter. See Fed. R. App. P. 28(a)(4)(B) ("The appellant's brief must contain . . . a jurisdictional statement, including . . . the basis for the court of appeals' jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction . . . ."). Here, it is Corrow, as the party seeking to invoke this Court's appellate jurisdiction, who bears the burden of establishing it. See Jelfo v. Hickok Mfg. Co., 531 F.2d 680, 681 (2d Cir. 1976) (per curiam) ("The burden to show appealability rests upon plaintiffs, who ask us to assume jurisdiction."); see also Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992); Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 617 (2d Cir. 2019) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction, and it must prove jurisdiction by a preponderance of evidence."

(citation and quotation marks omitted)).[2]

> **B.**     **An Order Denying Summary Judgment on Qualified Immunity Grounds Is Immediately Appealable Only Where the Order Turns on a Question of Law, and the Appellant Does Not Dispute the Material Facts.**

The denial of a motion for summary judgment is immediately appealable only in very limited circumstances. Normally, "we have no jurisdiction to hear an immediate appeal from a district court order denying summary judgment because such an order is not a final decision" under 28 U.S.C. §1291. Demoret v. Zegarelli, 451 F.3d 140, 148 (2d Cir. 2006). We may exercise jurisdiction under the "collateral order doctrine" over "a narrow class of decisions that do not terminate the litigation, but must, in the interest of achieving a healthy legal

---

[2] The Circuits are in agreement on this point. See, e.g., Est. of Ceballos v. Husk, 919 F.3d 1204, 1223 (10th Cir. 2019) ("As the appellant, he bears the burden of establishing our appellate jurisdiction."); SCF Waxler Marine, L.L.C. v. ARIS T M/V, 902 F.3d 461, 464 (5th Cir. 2018), as revised (Oct. 30, 2018) ("[The Appellants] bear the burden of establishing this court's appellate jurisdiction over this appeal, and there is no need to explore jurisdictional bases the appellant does not address." (citation and quotation marks omitted)); Ozenne v. Chase Manhattan Bank (In re Ozenne), 841 F.3d 810, 814 (9th Cir. 2016) ("On appeal, the appellant has the burden of establishing that the appellate court has jurisdiction to hear the case."); U.S. Fid. & Guar. Co. v. Arch Ins. Co., 578 F.3d 45, 55 (1st Cir. 2009) ("[T]he burden of establishing appellate jurisdiction rests with the party who asserts its existence." (citation and quotation marks omitted)); Porchia v. Norris, 251 F.3d 1196, 1198 (8th Cir. 2001) ("[A]n appellant must prove that necessary preconditions to the exercise of appellate jurisdiction — including the timely filing of a notice of appeal — have been fulfilled.").

system, nonetheless be treated as final." Digit. Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 867 (1994) (citation and quotation marks omitted). "That small category includes only decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action." Swint v. Chambers Cnty. Comm'n, 514 U.S. 35, 42 (1995).

"[A] decision denying a defendant the defense of qualified immunity satisfies the collateral order doctrine" in certain limited circumstances, specifically, "to the extent that it turns on an issue of law." Coollick v. Hughes, 699 F.3d 211, 217 (2d Cir. 2012) (citation and quotation marks omitted).

We lack interlocutory jurisdiction to immediately review denials of summary judgment based on "determinations of evidentiary sufficiency." Behrens v. Pelletier, 516 U.S. 299, 313 (1996); see also Salim v. Proulx, 93 F.3d 86, 89 (2d Cir. 1996) ("[D]eterminations of evidentiary sufficiency at summary judgment are not immediately appealable . . . if what is at issue in the sufficiency determination is nothing more than whether the evidence could support a finding that particular conduct occurred . . . ." (alterations in original) (quoting Behrens, 516 U.S. at 313)); Doninger v. Niehoff, 642 F.3d 334, 352 (2d Cir. 2011)

("We do not, however, have jurisdiction to review a denial of qualified immunity to the extent it is based on a district court's finding that there is enough evidence in the record to create a genuine issue as to factual questions that are, in fact, material to resolution of the qualified immunity claim.").

Generally, we also lack jurisdiction over interlocutory appeals "from denials of qualified immunity if resolution of the immunity defense depends upon disputed factual issues." Washington v. Napolitano, 29 F.4th 93, 103 (2d Cir.) (citation and quotation marks omitted), cert. denied, 143 S. Ct. 485 (2022); see also In re State Police Litig., 88 F.3d 111, 124 (2d Cir. 1996) ("Thus, where the district court has ruled that adjudication of the immunity defense requires the resolution of genuinely disputed questions of fact, the denial of summary judgment is not immediately appealable."). However, even when a district court denies qualified immunity based on the presence of disputed material facts, an appellant may still invoke appellate jurisdiction on an interlocutory basis if the appellant "contends that on stipulated facts, or on the facts that the plaintiff alleges are true, or on the facts favorable to the plaintiff that the trial judge concluded the jury might find, the immunity defense is established as a matter of law." Salim, 93 F.3d at 90; accord Washington, 29 F.4th at 103.

Thus, an interlocutory appeal of a denial of qualified immunity may be brought if the district court's denial of qualified immunity "turns on an issue of law" — that is, where the issue appealed "is a purely legal one." Johnson v. Jones, 515 U.S. 304, 313 (1995) (quoting Mitchell v. Forsyth, 472 U.S. 511, 530, 528 n.9 (1985)). If, however, the district court denies qualified immunity because of a dispute over material facts, the appellant must also establish one of the following: (1) that the parties have agreed to "stipulated facts," (2) that the appellant has agreed to "facts that the plaintiff alleges are true," or (3) that the appellant has agreed to "facts favorable to the plaintiff that the trial judge concluded the jury might find." Salim, 93 F.3d at 90; see also Franco v. Gunsalus, 972 F.3d 170, 174 (2d Cir. 2020) ("Defendants wishing to obtain immediate review of a denial of qualified immunity may nonetheless do so by accepting, for purposes of the appeal only, plaintiff's version of the disputed facts."); Francis v. Fiacco, 942 F.3d 126, 139 (2d Cir. 2019). Indeed, the Supreme Court has taken "pains to make clear that the denial of a claim of qualified immunity may appropriately be appealed immediately only 'to the extent that it turns on an issue of law.'" In re State Police Litig., 88 F.3d at 124 (emphasis altered) (quoting Johnson, 515 U.S. at 313).

9

The appellant bears the burden of demonstrating that the requirements are met. See Platinum-Montaur Life Scis., LLC, 943 F.3d at 617. These requirements ensure that we "review immunity denials only to the narrow extent they turn on questions of law." Bolmer v. Oliveira, 594 F.3d 134, 140 (2d Cir. 2010); see also In re State Police Litig., 88 F.3d at 125 ("To be appealable immediately, the qualified-immunity denial must present 'a legal issue that can be decided with reference only to undisputed facts and in isolation from the remaining issues of the case.'" (quoting Johnson, 515 U.S. at 313)). "[S]tringent" enforcement of these conditions also honors the Supreme Court's instruction that the "narrow" collateral order doctrine should "never be allowed to swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered." Digit. Equip. Corp., 511 U.S. at 868 (citation and quotation marks omitted).

## II.     The Court Lacks Jurisdiction Over This Appeal.

Corrow, as the appellant, has failed to satisfy his burden of establishing jurisdiction over this interlocutory appeal. Accordingly, we dismiss the appeal for lack of appellate jurisdiction.

The District Court held that "[s]ummary judgment . . . cannot be granted

10

on the basis of qualified immunity" because there existed "disputes of fact and those disputes are material and genuine." Jok, 2022 WL 444361, at *8. Those disputes have neither been resolved nor set aside for purposes of this appeal. To the contrary, they remain vigorously disputed.

First, the parties dispute whether Jok punched, or even attempted to punch, someone as Corrow approached the scene. See id. at *2. Corrow maintains that he "watched as Jok threw either an overhand or haymaker punch, and [he] heard the punch hit the other individual's face." Appellants' Br. at 5 (citation and quotation marks omitted). Conversely, Jok maintains that he "did not punch anybody." Appellee's Br. at 10. Jok claims that he "and the person he was arguing with had stepped back from each other with their hands at their sides prior to Officer Corrow slamming [him] face first to the ground." Id.

Second, the parties dispute what occurred in the moments before Corrow took Jok to the ground. See Jok, 2022 WL 444361, at *2. Corrow claims that he "placed his hands on Jok and attempted to turn Jok around to place him in handcuffs." Appellants' Br. at 5. Corrow states that "[i]n response, Jok began to raise his arms, clench his fists, and assume the bladed stance characteristic of a fighter," which Corrow "recognized . . . as pre-fight or pre-assaultive cues." Id.

11

On the other hand, Jok contends that he "never resisted Officer Corrow, who approached silently and unseen from outside [his] field of vision." Appellee's Br. at 11.

Third, the parties dispute the atmosphere around the group of people outside of the bar when Corrow approached the group. See Jok, 2022 WL 444361, at *2. Corrow argues that testimony describing "members of the group as pissed off, yelling, very drunk, and threatening to shoot one another . . . confirms the group was, at the very least, tense." Appellants' Br. at 4 (citation and quotation marks omitted). Corrow states that "[t]he tension in the group escalated when Jok punched another member of the group in the face." Id. at 5. Jok claims that "the scene was calming down prior to Officer Corrow slamming [him]" and that "[he] did not punch anybody and the tension in the group had deescalated prior to Officer Corrow's involvement." Appellee's Br. at 9, 10.

Finally, the parties dispute the extent of knowledge Corrow and other Burlington Police Department officers had of Jok before the incident. See Jok, 2022 WL 444361, at *3. Corrow asserts that "[d]uring his time in Burlington, Vermont prior to this incident, Jok engaged in a degree of criminal and violent behavior that made him known to members of the Burlington Police

12

Department." Appellants' Br. at 3. Corrow claims that "Jok interacted with the Burlington Police Department frequently enough to become familiar with members of the Burlington Police Department himself." Id. at 4. Jok disputes this characterization, claiming that "Officer Corrow was most likely unaware of what [he] now tries to describe as Mr. Jok's known tendency towards physical violence." Appellee's Br. at 9.

The District Court relied upon these factual disputes in denying summary judgment, and resolving them is a "necessary predicate" to determining whether Corrow is entitled to qualified immunity. Brown v. Halpin, 885 F.3d 111, 118 (2d Cir. 2018) (quoting State Emps. Bargaining Agent Coal. v. Rowland, 494 F.3d 71, 82 (2d Cir. 2007)). As such, this interlocutory appeal is not limited to a question of law. See id. at 117 ("The question of whether Halpin is entitled to qualified immunity is accordingly not a pure question of law that can be decided on interlocutory appeal because it depends on the resolution of a factual dispute . . . .").

In his Jurisdictional Statement, Corrow cites to Bizzarro v. Miranda, 394 F.3d 82, 86 (2d Cir. 2005), for the following principle: "We have jurisdiction to review the denial of a motion for summary judgment on the basis of qualified

13

immunity if the defendant is entitled to immunity as a matter of law on the plaintiff's version of the facts." Appellants' Br. at 1. He acknowledges, as he must, that to establish our jurisdiction over this interlocutory appeal, he would have to agree to "the facts as alleged by the plaintiff." Salim, 93 F.3d at 89. But Corrow has not done so. To the contrary, as detailed above, Corrow's arguments on appeal depend entirely on his "versions of contested facts." Terebesi v. Torreso, 764 F.3d 217, 230 (2d Cir. 2014). Even in arguing that he did not violate Jok's clearly established rights, Corrow points to his account of what transpired, arguing the factual contention that "Jok was not an unresisting detainee who posed no threat to officers or public safety. On the contrary, . . . Jok posed a risk both to Corrow and to the general public." Appellants' Br. at 15. In sum, Corrow persists in disputing the facts underlying the District Court's decision.

In his Reply, apparently recognizing his problem, Corrow claims that he "does not substitute his own rendition of the facts, but, instead, argues based on the undisputed facts in this matter." Reply Br. at 3. He further contends that "[s]ince [his] arguments for reversing the District Court's decision on the qualified immunity issue are grounded in undisputed facts, this Court has jurisdiction over this matter." Id. These statements, however, amount to nothing

14

more than lip service. In actuality, Corrow refuses to accept Jok's facts and continues to advance his own version of events. For instance, in arguing that he should be entitled to qualified immunity because the precedent cited by the District Court did not "match with the facts of this case," Corrow repeats his claims that "Jok was not an unresisting detainee who posed no threat to officers or public safety," that "Jok posed a risk both to Officer Corrow and to the general public," and that "Jok resisted Officer Corrow's attempt to handcuff and arrest Jok and signaled to Officer Corrow that he intended to fight with him." Appellants' Br. at 14–15.[3] Indeed, Corrow's own summary of his argument on appeal asserts that because "the evidence in the record demonstrates Jok <u>was</u> violent, <u>was</u> posing a threat to Officer Corrow, and <u>was</u> posing a threat to the

---

[3] Corrow further contends that the facts he relies on are "undisputed" because they are "documented in the video record of this incident." Reply Br. at 3. However, the body-worn camera ("BWC") footage submitted in this case does not "clearly contradict[] the version of the story told by" Jok. <u>Scott v. Harris</u>, 550 U.S. 372, 378 (2007). Viewing "the facts in the light depicted by the videotape" does not put these factual disputes to rest because the BWC footage does not depict the entire scene. <u>Id.</u> at 381. In fact, in direct contrast to Corrow's claims that the BWC footage supports his version of the facts, the District Court concluded that "a reasonable interpretation of the bodycam footage is that Jok did not appear to be the aggressor in a fight nor was he about to strike Officer Corrow, and that force was used by Officer Corrow immediately without any verbal command or warning." <u>Jok</u>, 2022 WL 444361, at *2.

public, the precedent cited by the District Court is inapposite, and the District Court's denial of qualified immunity to Officer Corrow was error." Id. at 17.

Corrow does not accept, even for the limited purposes of pursuing this appeal, Jok's version of the facts, or any set of stipulated facts. Corrow's conclusory assertion in his reply brief — belied by his own briefing — that he agrees to undisputed facts is not sufficient. In fact, Corrow continues to rely on disputed facts; as such, we are not presented with a question of law, and Corrow may not seek "immediate review" of the District Court's denial of qualified immunity. Franco, 972 F.3d at 174. He has failed to satisfy his burden of establishing appellate jurisdiction over this interlocutory appeal, and the appeal is therefore dismissed.[4]

## III.    Conclusion

For the reasons set forth herein, this appeal is **DISMISSED** for lack of appellate jurisdiction.

---

[4] See Tierney v. Davidson, 133 F.3d 189, 194 (2d Cir. 1998) (noting that for Court of Appeals to exercise appellate jurisdiction when a district court rules that "disputes of fact preclude summary judgment," a defendant must show that "he is entitled to qualified immunity even under plaintiff's version of the facts"); Terebesi, 764 F.3d at 244 ("In all other respects, the defendants' arguments on appeal rely on disputed issues of fact and the appeal is therefore DISMISSED for lack of jurisdiction.").