23-609-cv (L)
*Patel v. Marino, Reavy*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> GUIDO CALABRESI,
> MYRNA PÉREZ,
> > *Circuit Judges*.

---

NEAL PATEL,

> *Plaintiff-Appellee*,

v.                                                                      23-609-cv (Lead)
                                                                       23-651-cv (Con)

POLICE OFFICER MICHAEL J. MARINO, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY, AND POLICE OFFICER WILLIAM REAVY, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY,

> *Defendants-Appellants*.*

---

For Plaintiff-Appellee:                    SCOTT A. KORENBAUM, Law Offices of Frederick K. Brewington, Hempstead, NY.

---

 * The Clerk of Court is respectfully directed to amend the caption to conform to the above.

1

For Defendant-Appellant Marino: IRYNA KRAUCHANKA, Morris Duffy Alonso Faley & Pitcoff, New York, NY.

For Defendant-Appellant Reavy: HOWARD MILLER (Ian Bergstrom, Robert F. Van der Waag, *on the brief*) *for* Hon. Thomas A. Adams, Nassau County Attorney, Mineola, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Locke, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeals are **DISMISSED**.

Defendants-Appellants Village of Old Brookville Police Officer Michael J. Marino ("Marino") and Nassau County Police Officer William Reavy ("Reavy") challenge the district court's March 22, 2023 order concluding that they are not entitled to qualified immunity at the summary judgment stage as to 18 U.S.C. § 1983 claims brought by Plaintiff-Appellee Neal Patel ("Patel"). Patel asserts that he was the subject of a malicious prosecution instigated by Marino, who charged him with driving while intoxicated (DWI) after his red Ferrari sportscar collided with another car at a traffic intersection. Patel, who says he was sober, also claims that Reavy produced a false positive breathalyzer result that, along with Marino's police reports, formed the basis of Patel's prosecution on misdemeanor and felony DWI and reckless assault charges. A jury later acquitted Patel on all counts, and he now seeks millions of dollars in damages. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal, which we recount only as necessary to explain our disposition.

We first consider whether we have jurisdiction to entertain this interlocutory appeal. "[A]s the part[ies] seeking to invoke this Court's appellate jurisdiction," Marino and Reavy "bear[] the burden of establishing it." *Jok v. City of Burlington, Vermont*, 96 F.4th 291, 294 (2d Cir. 2024). "An order denying a motion for summary judgment is generally not . . . appealable"

2

except when "the summary judgment motion is based on a claim of qualified immunity." *Plumhoff v. Rickard*, 572 U.S. 765, 771 (2014). But even when the summary judgment order involves the availability of a qualified immunity defense, "a defendant may not appeal . . . insofar as that order determines whether or not the pretrial record sets forth a genuine issue of fact for trial." *Catone v. Spielmann*, 149 F.3d 156, 159 (2d Cir. 1998) (internal quotation marks omitted). We therefore may not "entertain an interlocutory appeal in which a defendant contends that the district court committed an error of law in ruling that the plaintiff's evidence was sufficient to create a jury issue on the facts relevant to the defendant's immunity defense." *Salim v. Proulx*, 93 F.3d 86, 91 (2d Cir. 1996). But "[d]efendants wishing to obtain immediate review of a denial of qualified immunity may nonetheless do so by accepting, for purposes of the appeal only, plaintiff's version of the disputed facts." *Franco v. Gunsalus*, 972 F.3d 170, 174 (2d Cir. 2020).

In this case, the district court denied Marino and Reavy's motions for summary judgment because it determined that, based on Patel's evidence, "questions of fact remain regarding whether probable cause existed for Plaintiff's arrest," as well as for his "continue[d] prosecution," at the hands of Marino and Reavy. JA2517. As to Marino, the district court specifically highlighted factual disputes over "the results of [Patel's] field sobriety test, whether Patel smelled of alcohol," whether he "had glassy and bloodshot eyes," and "whether Marino prematurely completed an arrest form to criminally charge [Patel] and knew [another officer] amended the [accident report] form." *Id.* As to Reavy, the court identified "factual disputes . . . including the alleged fabrication of his report, [Patel's] breathalyzer test results, and Reavy's trial testimony." *Id.*

Marino and Reavy argue they are entitled to qualified immunity as a matter of law and purport to accept Patel's version of the facts to be true for the purposes of the appeal. In effect, however, their claims are "that the plaintiff's evidence is not sufficient to raise a genuine issue of

3

fact," *Franco*, 972 F.3d at 174, because Reavy's breathalyzer analysis of Patel's blood alcohol content returned a result of .241 percent and because Patel has conceded that he was in a severe car crash, had allergy-induced red eyes at the scene, and drank alcohol on the night before the accident. This evidence, they assert, should suffice to defeat his contention that they lacked probable cause to arrest and prosecute him.

We may not consider these arguments. "The Supreme Court has made it clear that we lack appellate jurisdiction to decide an interlocutory appeal from a district court's denial of a claim of qualified immunity to the extent that the denial involves only a question of evidence sufficiency." *Taylor v. Rogich*, 781 F.3d 647, 649 (2d Cir. 2015) (citing *Johnson v. Jones*, 515 U.S. 304, 313 (1995)); *see also Jok*, 96 F.4th at 295 ("Indeed, the Supreme Court has taken pains to make clear that the denial of a claim of qualified immunity may appropriately be appealed immediately only to the extent that it turns on an issue of law.") (quotations omitted). Although we do not necessarily agree that all the questions of fact identified by the district court are material to determining whether qualified immunity applies in this case, we cannot say, at this stage, that Marino and Reavy are entitled to it. To say so would intrude on the district court's prerogative to determine that Patel provided sufficient evidence to dispute whether the officers had probable cause to prosecute him. "[T]he issue here at stake—the existence, or nonexistence, of a triable issue of fact—is the kind of issue that trial judges, not appellate judges, confront almost daily." *Johnson*, 515 U.S. at 316. "Institutionally speaking, appellate judges enjoy no comparative expertise in such matters." *Id.* We therefore remand the matter to the district court for further proceedings.

\*       \*       \*

We have considered MARINO and REAVY's remaining arguments and find them to be without merit.    Accordingly, we **DISMISS** the appeals for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court