23-7987
*Fagon v. Kiely*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of January, two thousand twenty-five.

PRESENT:
> RICHARD J. SULLIVAN,
> JOSEPH F. BIANCO,
> BETH ROBINSON,
> *Circuit Judges.*

―――――――――――――――――――――――――

SHERENE FAGON, Administrator of the Estate of Zoe Dowdell,

> *Plaintiff-Appellee,*

> v.                                            No. 23-7987

DETECTIVE CHRISTOPHER KIELY, DETECTIVE MARCIN RATAJCZAK, OFFICER MICHAEL SLAVIN, OFFICER KYLE JONES, OFFICER CHAD NELSON,

*Defendants-Appellants*,

CITY OF NEW BRITAIN, JAMES WARDWELL,

*Defendants.*\*

---

**For Defendants-Appellants:**      THOMAS R. GERARDE, Howd & Ludorf, LLC, Wethersfield, CT.

**For Plaintiff-Appellee:**      ATHUL K. ACHARYA, Public Accountability, Portland, OR (Alexander T. Taubes, New Haven, CT, *on the brief*).

Appeal from an order of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Detectives Christopher Kiely and Marcin Ratajczak and Officers Michael Slavin, Kyle Jones, and Chad Nelson (together, the "Officers") appeal from the district court's December 4, 2023 order denying their motion for summary judgment based on qualified immunity as to the excessive-force claims brought by plaintiff Sherene Fagon, as administrator of Zoe Dowdell's estate, under 42 U.S.C.

---

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

§ 1983. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In December 2017, two armed robberies occurred in New Britain, Connecticut. In the first robbery, multiple men approached a car, pointed a firearm at the car's occupant, pistol-whipped the victim, and demanded all the victim's belongings. The suspects then fled in a green-colored sedan. In the second robbery, three to four men in a green-colored sedan attempted to block the victims' car as it backed out of the victims' driveway; the men then exited the green-colored sedan with guns drawn. Although the victims were able to back their car out of the driveway and escape, the suspects fired their weapons at the victims' car. On December 13, 2017, the New Britain Police Department ("NBPD") located a turquoise green Toyota Paseo that matched the description of the suspects' sedan. Officers photographed the Paseo and showed those photographs to the victims of the second incident, who positively identified it as the sedan involved in the attempted robbery.

On the evening of December 14, 2017, NBPD officers observed the Paseo circling streets in a residential area of New Britain. As the Paseo turned onto Chapman Court, two marked NBPD vehicles blocked the road, prompting the

3

Paseo to attempt to reverse in a three-point turn. The Paseo then collided with an unmarked NBPD vehicle that was approaching from the rear, and continued reversing, scraping another unmarked NBPD vehicle in the process. The Paseo then backed off the road, with the rear of the car temporarily stuck on an embankment and the front end blocked by two NBPD vehicles. At that moment, multiple NBPD officers exited their vehicles and began shouting at the occupants of the Paseo to stop and exit the vehicle. Rather than exit the vehicle, the operator of the Paseo began driving down the sidewalk near the officers, at which time Jones discharged his weapon three times; Kiely, Slavin, Ratajczak, and Nelson also fired at the Paseo as it attempted to flee from the scene. In total, the Officers fired twenty-eight rounds.

The Paseo eventually came to a stop when it crashed into a parked vehicle, at which point NBPD officers attempted to arrest the Paseo's occupants. By then, Dowdell had sustained gunshot wounds to his head, neck, legs, and hand, and was transported to the hospital, where he was pronounced dead. The other two occupants received treatment for their injuries, survived the incident, and were criminally charged. Inside the Paseo, NBPD officers recovered two handguns (one of which was loaded), along with bullets and heroin.

4

Fagon, who is Dowdell's mother and the administrator of his estate, initiated this suit, alleging, *inter alia*, that the Officers violated Dowdell's civil rights in violation of 42 U.S.C. § 1983 and seeking compensatory and punitive damages. After the conclusion of fact discovery, the Officers moved for summary judgment, arguing that they were entitled to qualified immunity because their actions were objectively reasonable and did not violate clearly established law. The district court denied the motion, concluding that there were disputed issues of material fact that a jury would need to decide before the court could reach the qualified immunity question. The Officers timely appealed.

In general, we lack jurisdiction to review a district court's denial of summary judgment. *See LaTrieste Rest. & Cabaret, Inc. v. Village of Port Chester*, 96 F.3d 598, 599 (2d Cir. 1996). Under a limited exception, we may review an order denying a claim of qualified immunity, but only "to the extent that [the appeal] turns on an issue of law." *Franco v. Gunsalus*, 972 F.3d 170, 174 (2d Cir. 2020) (internal quotation marks omitted). Because our remit is strictly legal, we may not review a denial of immunity that presents an unresolved factual dispute, such as when the parties dispute "what occurred, or why an action was taken." *Terebesi v. Torreso*, 764 F.3d 217, 229 (2d Cir. 2014) (internal quotation marks

5

omitted).  Nor can we entertain a defendant's argument "that the district court committed an error of law in ruling that the plaintiff's evidence was sufficient to create a jury issue."  *Salim v. Proulx*, 93 F.3d 86, 91 (2d Cir. 1996).  Indeed, we are required to accept a district court's determination that a dispute of material fact is genuine.  *See Bolmer v. Oliveira*, 594 F.3d 134, 140–41 (2d Cir. 2010).  As a consequence, a defendant who wishes to immediately challenge a denial of immunity must argue that, under stipulated facts or under the plaintiff's version of the disputed facts, he is entitled to immunity as *a matter of law*.  *See Salim*, 93 F.3d at 90; *see also Raspardo v. Carlone*, 770 F.3d 97, 112 (2d Cir. 2014).

Applying this rule here, we must dismiss the appeal for lack of jurisdiction. The district court below identified multiple disputes of material fact that a jury would need to decide, thus precluding the court from deciding the issue of qualified immunity as a matter of law.  Specifically, the district court determined that there were open questions as to "[t]he Paseo's speed when it reversed," "[t]he Paseo's speed when it drove forward," "[w]hether the Paseo hit the police vehicles or the police vehicles hit the Paseo," and "[w]hether the Paseo was ever in a position where it reasonably could have hit any of the officers."  *Fagon v.*

6

*Ratajczak*, No. 18-cv-1594 (VLB), 2023 WL 8435980, at *10 (D. Conn. Dec. 4, 2023).[1]

In other words, the district court concluded that a jury would need to decide "whether the Paseo traveled towards the officers, whether the officers were in danger, and whether the Paseo could have posed a danger to other community members." *Id.* at *13; *see also id.* at *11 ("[D]id one or multiple officers jump in front of the moving Paseo, leaving no time to break? Were the officers already in the Paseo's path before the car started to move? Could Mr. Dowdell have stopped the Paseo but chose not to? Or . . . did Mr. Dowdell drive the Paseo toward the officers?").

The Officers purport to "accept [Fagon's] version of facts for the purpose of this appeal," Officers Br. at 26, but their briefing reveals that they actually take issue with Fagon's version of events.[2] For example, the Officers insist that

---

[1] The district court also identified a factual dispute over "[w]hat the officers said when they exited their vehicles." *Fagon*, 2023 WL 8435980, at *10. But Fagon admitted that NBPD officers yelled at Dowdell to "Stop," "Turn off the vehicle," and "Get out of the vehicle." J. App'x at 500. Nevertheless, the district court's error here does not alter our analysis given the number of other material facts that are disputed by the parties.

[2] The Supreme Court has explained that when the plaintiff's version of events "is blatantly contradicted by the record," such as by video footage, "a court should not adopt [the plaintiff's] version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Despite the presence of police dashboard-camera footage in this case, the Officers make clear they are not arguing that any of Fagon's "assertions . . . are blatantly contradicted by the video evidence," Officers Br. at 28 (internal quotation marks omitted), and have thus waived any potential arguments based on *Scott*.

7

Dowdell "ignored [their] instructions," *id.* at 35, while Fagon contends that "it was difficult to hear . . . what [the Officers] actually said," J. App'x at 520. Likewise, the Officers repeatedly argue that the Paseo struck the NBPD vehicles (and not the other way around) and that "officers stood within a few feet" of the vehicle, Officers Br. at 35; *see also id.* at 38, 40, even though Fagon contests these facts. Furthermore, the Officers contend that "Dowdell was operating the vehicle in such a way that it posed a significant and imminent risk of death or serious physical injury to anyone nearby," *id.* at 13; *see also id.* at 35, while Fagon asserts that the Paseo was "gradually moving forward at a *moderate* rate of speed in a direction *away* from the officers and in a path where the Paseo posed *no risk of danger* to them or any other person," J. App'x at 501 (emphases added); *see also id.* at 506–09, 520, 522 (same). Moreover, while the Officers rely heavily on their subjective beliefs that Dowdell posed a significant threat of death or physical injury, the law is clear that "disputed material issues regarding the reasonableness of an officer's perception of the facts (whether mistaken or not) is the province of the jury." *Jones v. Treubig*, 963 F.3d 214, 231 (2d Cir. 2020).

Conversely, the Officers advance legal arguments that their actions were objectively reasonable, did not violate clearly established law, and are thus

protected by qualified immunity.   But those arguments are premised on facts that are disputed, such as whether "Dowdell's conduct . . . threatened officer safety as well as the safety of anyone else within the immediate vicinity," Officers Br. at 37; *see also id.* at 36 (emphasizing "the significant threat of death or serious injury posed by Dowdell").[3]   Because the Officers' assertion that they accept Fagon's version of the facts on this appeal "amount[s] to nothing more than lip service" – and, "[i]n actuality, [the Officers] refuse[] to accept [Fagon's] facts and continue[] to advance [their] own version of events," *Jok v. City of Burlington, Vt.*, 96 F.4th 291, 297 (2d Cir. 2024) – we lack jurisdiction to review the district court's denial of summary judgment and must dismiss the Officers' appeal.

*        *        *

We have considered the Officers' remaining arguments and find them to be without merit.   Accordingly, we **DISMISS** the appeal for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] The Officers argue for the first time in their reply brief that the district court erred in not conducting an officer-by-officer analysis of qualified immunity.   But "arguments not raised in an appellant's opening brief, [and appearing] only in his reply brief, are not properly before an appellate court."   *McCarthy v. SEC*, 406 F.3d 179, 186 (2d Cir. 2005).   We therefore decline to address this argument.