24-668-cv
*Freeman v. Sansom*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand twenty-five.

PRESENT:   GUIDO CALABRESI,
                        DENNY CHIN,
                        SARAH A. L. MERRIAM,
                                *Circuit Judges*.

_____

LISA FREEMAN,

     *Plaintiff-Appellee,*

       v.                                                                             24-668-cv

SCOTT SANSOM, Chief of Police,

     *Defendant-Appellant*,

JOSEPH FICACELLI, Police Lieutenant;
TOWN OF EAST HARTFORD,

     *Defendants*.
_____

FOR PLAINTIFF-APPELLEE:          JAMES BREWER, Law Offices of James S. Brewer, Berlin, CT.

FOR DEFENDANT-APPELLANT:          JOHANNA G. ZELMAN (Proloy K. Das, *on the brief*), FordHarrison LLP, Hartford, CT.

Appeal from an order of the United States District Court for the District of Connecticut (Bolden, *J.*).

**UPON DUE CONSIDERATION,** the appeal is **DISMISSED**.

Defendant-appellant Scott Sansom, former Chief of the Town of East Hartford Police Department ("EHPD"), appeals from the February 16, 2024, Order of the District of Connecticut denying him summary judgment on the basis of qualified immunity. *See Freeman v. Sansom*, No. 3:22CV00331(VAB), 2024 WL 665921 (D. Conn. Feb. 16, 2024). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

Plaintiff-appellee Lisa Freeman, a former EHPD Officer, alleges that Sansom fired her because of her sex, in violation of the Equal Protection Clause of the Fourteenth Amendment. Sansom moved for summary judgment asserting that he was entitled to qualified immunity. The District Court denied the motion, concluding that Freeman had established "a genuine factual dispute with respect to whether gender discrimination was a but-for cause of her termination;" that "if, as alleged, [Sansom] did discipline Ms. Freeman differently because she was a woman, then he violated a right that has been clearly established;" and that "it is not objectively reasonable to believe that treating Ms. Freeman more harshly because she was a woman does not violate the Equal Protection

2

Clause." *Freeman*, 2024 WL 665921, at \*12, \*13. Sansom seeks interlocutory appellate review of that decision.

Sansom, "as the appellant, has failed to satisfy his burden of establishing jurisdiction over this interlocutory appeal." *Jok v. City of Burlington*, 96 F.4th 291, 296 (2d Cir. 2024). Accordingly, we dismiss his appeal.

"A decision denying a defendant the defense of qualified immunity satisfies the collateral order doctrine" and is therefore immediately appealable only "in certain limited circumstances, specifically, to the extent that it turns on an issue of law." *Id.* at 294 (citation and quotation marks omitted). Our jurisdiction, therefore, "is limited to whether the immunity defense has been established as a matter of law based on stipulated facts, or on the facts that the plaintiff alleges are true, or on the facts favorable to the plaintiff that the trial judge concluded the jury might find." *Soukaneh v. Andrzejewski*, 112 F.4th 107, 115 (2d Cir. 2024) (citation and quotation marks omitted).

Sansom contends that for the purposes of the appeal he "accepts Plaintiff's version of events as true." Sansom Br. at 3. "These statements, however, amount to nothing more than lip service," *Jok*, 96 F.4th at 297, and a review of Sansom's brief belies them. "In fact, [Sansom] continues to rely on disputed facts; as such, we are not presented with a question of law [not dependent on disputed facts], and [Sansom] may not seek immediate review of the District Court's denial of qualified immunity." *Id.* at 298 (citation and quotation marks omitted). Most significantly, Sansom vigorously disputes whether Freeman's proposed comparators were in fact similarly situated to her. *See* Sansom Br. at 44-50. He faults the District Court's finding that "while Ms. Freeman's

3

proffered comparators are not identically situated with her, she and her male counterparts were subject to the same performance evaluation and discipline standards and engaged, at least in some of the instances, in comparable conduct." *Freeman*, 2024 WL 665921, at *9 (quotation marks omitted). Sansom's brief on appeal undertakes a detailed factual review of the proposed comparators, concluding – as a factual matter – that, contrary to the District Court's finding, and to Freeman's version of events, Freeman and the comparators were not "similarly situated." Sansom Br. at 50; *see also id.* at 42-50 (reviewing "similarly situated" standard); *id.* at 15-23 (reviewing the factual details regarding the proposed comparators). Sansom expressly asserts that, as a factual matter, "[n]either their conduct nor disciplinary records are comparable." *Id.* at 49.[1]

Sansom also disputes the weight to be assigned to another piece of evidence: the decision of the State Board of Mediation and Arbitration ("SBMA"). Sansom insists that because "the SBMA concluded that Plaintiff's conduct constituted just cause for her termination, Plaintiff cannot prove [that] 'but for' her sex, she would not have been terminated." *Id.* at 40. But this argument *again* challenges Freeman's version of the facts. Freeman contends that the SBMA decision is infected by the very factual disputes underlying this case, because "her disciplinary record may have been different, but for

---

[1] Sansom inexplicably asserts in his brief that certain facts are not "clearly established." *See, e.g.*, Sansom Br. at 50 (arguing that "it was not clearly established that [the proposed comparators] are similarly situated" to Freeman). This confuses one part of the qualified immunity standard – whether the conduct alleged violated clearly established law – with the non-moving party's burden at summary judgment – which is only to demonstrate that there remain genuine disputes of material fact. A plaintiff opposing a motion for summary judgment does not need to "clearly establish" that any particular fact is true.

4

her gender," *Freeman*, 2024 WL 665921, at *10, and the District Court concluded that this was a material factual matter that remained in genuine dispute.[2]

There are other challenges to Freeman's version of the facts in Sansom's brief. *See*, *e.g.*, Sansom Br. at 41 (contending that it is "unfathomable that Chief Sansom could not have terminated Plaintiff 'but for' her sex while relying on Lt Ficacelli's neutrally conducted investigation"); *id.* at 47-48 (contending that "any argument that the warnings in [Freeman's] previous discipline [were] merely boilerplate or inadequate is utterly unpersuasive" (citation and quotation marks omitted)).  In sum, Sansom continues to dispute Freeman's factual assertions and to contest the District Court's conclusion that Freeman's evidence was sufficient to defeat the summary judgment motion.  He has therefore failed to meet his burden of establishing our jurisdiction over this interlocutory appeal.  *See Salim v. Proulx*, 93 F.3d 86, 91 (2d Cir. 1996) (The Court may not "entertain an interlocutory appeal in which a defendant contends that the district court committed an error of law in ruling that the plaintiff's evidence was sufficient to create a jury issue on the facts relevant to the defendant's immunity defense.").

---

[2] As Sansom recognizes, the SBMA decision was not binding on the District Court.  *See* Sansom Br. at 36.

5

We have considered the parties' remaining arguments and find them to be without merit. Accordingly, we **DISMISS** the appeal for lack of appellate jurisdiction.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court