24-43-cv (L)
Durr v. Madison County, New York, et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of May, two thousand twenty-five.

PRESENT:
>JOSÉ A. CABRANES,
>REENA RAGGI,
>ALISON J. NATHAN,
>>*Circuit Judges.*

_____

Jerry Durr,

>>*Plaintiff-Appellee,*

>v.                                         Nos. 24-43-cv; 24-71-cv

Madison County, New York, Aaron Silverman, in his individual capacity and official capacity as sheriff's deputy,

>>*Defendants-Appellants-*
>>*Cross-Plaintiffs-Appellees,*

Daniel Slator, in his individual capacity and official capacity as a police officer, William Clark, in his individual capacity and official

**capacity as a police sergeant, City of Oneida, New York,**

> *Defendants-Appellants-Cross-Defendants-Appellants.*[*]

_____

FOR PLAINTIFF-APPELLEE:

Zachary C. Oren, Utica, NY.

FOR DEFENDANTS-APPELLANTS-CROSS-DEFENDANTS-APPELLEES:

Louis U. Gasparini, Schwab & Gasparini PLLC, White Plains, NY.

FOR DEFENDANTS-APPELLANTS-CROSS-PLAINTIFFS-APPELLANTS:

David H. Walsh IV, Daniel K. Cartwright, Kenney Shelton Liptak Nowak LLP, Buffalo, NY.

Appeal from an order of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that these appeals are **DISMISSED** for lack of jurisdiction.

Defendants-Appellants separately appeal from the District Court's November 30, 2023 order denying their motions for summary judgment. We consider their appeals together and assume the parties' familiarity with the underlying facts, the procedural history of the cases, and the issues on appeal.

Ordinarily, "we have no jurisdiction to hear an immediate appeal from a

---

[*] The Clerk of Court is directed to amend the official case caption as set forth above.

2

district court order denying summary judgment because such an order is not a final decision under 28 U.S.C. § 1291." *Jok v. City of Burlington, Vermont*, 96 F.4th 291, 294 (2d Cir. 2024) (quotation marks omitted). Relevant to the instant case, however, a "district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). But this exception is narrowly cabined, and "[t]o be appealable immediately, the qualified-immunity denial must present 'a legal issue that can be decided with reference only to undisputed facts and in isolation from the remaining issues of the case.'" *In re State Police Litigation*, 88 F.3d 111, 125 (2d Cir. 1996) (quoting *Johnson v. Jones*, 515 U.S. 304, 313 (1995)). That is not so here, where there are genuine disputes of material fact upon which resolution of the question of qualified immunity turns, including whether Plaintiff was kicked while handcuffed and not resisting arrest. *See Durr v. Slator*, No. 20-CV-662, 2023 WL 8277960, at *3-5 (N.D.N.Y. Nov. 30, 2023). The fact that qualified immunity is in some way arguably implicated in this interlocutory appeal is not enough, in itself, to permit us to hear it.

Finding no basis to review the qualified immunity question at this stage, we accordingly decline to exercise pendent jurisdiction over the other issues in this case, including the Americans with Disabilities Act claims. We have considered the Appellants' remaining arguments and conclude they are without merit. Accordingly, we **DISMISS** these appeals for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3