24-2633
*Dixon v. Brown*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> MICHEAL H. PARK,
> WILLIAM J. NARDINI,
> > *Circuit Judges*.

_____

PETER DIXON,

> *Plaintiff-Appellee*,

> v.                                                          24-2633

POLICE OFFICER LEONARD BROWN, POLICE OFFICER JOEL DORCHESTER, POLICE OFFICER ANDREW MURPHY,

> *Defendants-Appellants*,

JOHN AND JANE DOES, UNIDENTIFIED POLICE OFFICERS, THE CITY OF SYRACUSE, FORMER POLICE OFFICER AHMAD MIMS, POLICE OFFICER JACOB BREEN, POLICE OFFICER PATRICK MOORE, POLICE OFFICER NICHOLAS VOGEL, POLICE OFFICER DAVID CRAW,

> *Defendants*.

1

For Plaintiff-Appellee: Fred B. Lichtmacher, Esq., New York, NY.

For Defendants-Appellants: JOHN G. POWERS (Mary L. D'Agostino *on the brief*), Hancock Estabrook, LLP, Syracuse, NY.

Appeal from an order of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Defendants-Appellants Police Officers Leonard Brown, Joel Dorchester, and Andrew Murphy (together, the "Officers") appeal from an order of the district court, entered on September 18, 2024, denying their motion for summary judgment on an excessive force claim brought by Plaintiff-Appellee Peter Dixon under 42 U.S.C. § 1983. Dixon alleges that the Officers used excessive force in violation of the Fourth Amendment by repeatedly striking him during his arrest on April 22, 2017. The district court denied the Officers' motion for summary judgment and determined that there were genuine issues of material fact as to whether the Officers' use of force was excessive and whether the Officers were entitled to qualified immunity. The Officers filed this interlocutory appeal challenging the district court's qualified immunity ruling. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to dismiss for lack of appellate jurisdiction.

1. **Background**

On April 22, 2017, police officers from the Syracuse Police Department observed Dixon's Chevrolet Uplander parked in front of a "no parking" sign. Officer Mims and two of his fellow officers approached the Uplander and asked Dixon for his identification. Officer Mims claims that he lost sight of Dixon's hands, drew his service weapon, and ordered Dixon to get out of the

car.    Dixon asserts that he was alarmed because his three children were seated in the back seat. He refused Officer Mims' instructions and drove off.    The officers pursued in their police cruisers and caught up with Dixon a few blocks away at the intersection of South Geddes and Hartson Streets.    Officer Mims exited his car and attempted to approach Dixon's driver-side door on foot, but Dixon put his car in reverse, turned around, and then began to drive south on South Geddes. According to Officer Mims, Dixon accelerated towards him.    Dixon claims that he was maneuvering around Officer Mims and posed no threat.    Officer Mims then fired five consecutive shots at Dixon's car, which missed Dixon and his children.    Police soon lost sight of Dixon.

Transmissions on the police radio alerted officers in the area—including Defendants-Appellants Dorchester, Brown, and Murphy—that an officer had fired his service weapon at an Uplander because the driver had "attempted to hit multiple officers with his vehicle."    App'x 787, 791.    Officers Dorchester and Brown joined the search for Dixon and soon observed the Uplander, now missing both passenger-side tires, driving on its rims towards the Onondaga Nation Reservation (the "Reservation").    Officers Dorchester and Brown pursued Dixon with their emergency lights and sirens activated.    Dixon did not pull over and continued onto the Reservation.    Dixon then pulled into a driveway on private property.

As Dixon tells it, he was slowing to a stop when Officer Brown ran up to the Uplander on foot, punched Dixon in the head without warning, and forcibly pulled Dixon from the car.    Officer Brown acknowledges striking Dixon and pulling him from the car but contends that he first ordered Dixon to stop the car and that Dixon continued driving.    The parties agree that Dixon landed face down on the gravel driveway with Officer Brown and then Officer Dorchester on top of him. Dixon's arms were underneath his body with his hands near his waistband.    Officer Murphy arrived shortly thereafter and joined the struggle.    The Officers repeatedly commanded Dixon to

3

surrender his hands.   Dixon claims that he could not comply because his hands were pinned by the weight of the three officers on top of him.   For their part, the Officers claim Dixon was continuing to resist and the strikes were necessary to gain his compliance.   During an approximately two-minute struggle, the Officers delivered multiple strikes to Dixon's body and head.   Eventually, the Officers secured Dixon in handcuffs.   Dixon does not allege that the Officers used force against him after he was handcuffed.

Dixon initiated this suit under 42 U.S.C. § 1983 alleging, *inter alia*, that the Officers used excessive force during his arrest in violation of the Fourth Amendment.   After discovery, the Officers moved for summary judgment, arguing that they were entitled to qualified immunity because their actions were objectively reasonable and did not violate clearly established law.   The district court denied the Officers' summary judgment motion as to Dixon's excessive force claim, explaining that disputes as to relevant historical facts rendered the court unable to determine whether the Officers were entitled to qualified immunity.   *Dixon v. City of Syracuse*, 5:20-CV-381, 2024 WL 4227775, at *15 n.25 (N.D.N.Y. Sept. 18, 2024).   The district court explained that "Dixon has validly placed into dispute the question of whether he was already subdued (and not offering resistance) when [the Officers] used force to gain his 'compliance' and effectuate his arrest" and that "a reasonable jury could review the relevant historical facts and determine that [the Officers] used excessive force."   *Id.* at *14-15.   The Officers timely appealed.

**2.  Discussion**

We ordinarily lack jurisdiction to review the denial of a motion for summary judgment. *Ricciuti v. Gyzenis*, 834 F.3d 162, 167 (2d Cir. 2016).   Under the collateral order doctrine, however, we may review an order denying qualified immunity "at least to the extent the immunity claim presents a 'purely legal question.'"   *Walczyk v. Rio*, 496 F.3d 139, 153 (2d Cir. 2007)

4

(quoting *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)). "We are without jurisdiction to review a denial of a claim of qualified immunity that turns on disputed issues of fact," *Golodner v. Berliner*, 770 F.3d 196, 201 (2d Cir. 2014), and thus cannot consider arguments "about what occurred, or why an action was taken or omitted," *Terebesi v. Torreso*, 764 F.3d 217, 229 (2d Cir. 2014) (internal quotation marks omitted). "Where factual disputes persist, we may exercise appellate jurisdiction only for the limited purpose of deciding whether, on the basis of 'stipulated facts, or on the facts that the plaintiff alleges are true, or on the facts favorable to the plaintiff that the trial judge concluded the jury might find, the immunity defense is established as a matter of law.'" *Id.* (quoting *Salim v. Proulx*, 93 F.3d 86, 90 (2d Cir. 1996)). And we may only consider "whether a given factual dispute is 'material' for summary judgment purposes, . . . not . . . whether a dispute of fact identified by the district court is 'genuine.'" *McColley v. County of Rensselaer*, 740 F.3d 817, 822 (2d Cir. 2014) (quoting *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004)).

Here, the district court concluded it could not decide the question of qualified immunity given outstanding disputes of material fact. *Dixon*, 2024 WL 4227775, at *15 n.25. On appeal, the Officers claim to accept Dixon's version of events and argue that they are entitled to qualified immunity even if Dixon were subdued and attempting to comply during the two minutes the Officers were striking him because Dixon *reasonably appeared* to be resisting. There are two barriers to our jurisdiction that prevent us from considering the Officers' argument.

*First*, the Officers have failed completely to accept Dixon's version of relevant facts. For example, although the Officers purport to accept that Dixon's hands were involuntarily trapped underneath his body, they repeatedly state that Dixon was engaging in active resistance. *See, e.g.*, Defendants-Appellants' Br. at 16 ("Officer Brown ordered Mr. Dixon to surrender his hands but Mr. Dixon refused, holding his hands underneath his body . . . . Officer Brown could feel Mr.

5

Dixon tensing his arms to prevent Brown or Officer Dorchester from pulling his arms out from under him."); *id.* ("Faced with Mr. Dixon's active resistance to handcuffing, Officer Brown struck Mr. Dixon several times . . . ."); *id.* at 17 ("Officer Murphy observed Mr. Dixon resisting Officer Brown's and Dorchester's attempts to place Mr. Dixon in handcuffs, including by pulling his arms underneath his torso."); *id.* at 22 ("In response to Plaintiff's resistance, the officers briefly used hand and knee strikes to end his physical resistance and place him in cuffs . . . ."); *id.* at 33 ("Mr. Dixon was actively attempting to evade arrest by flight and was resisting arrest."). We have repeatedly dismissed interlocutory appeals where, as here, the appellants' assertion that they accept a plaintiff's version of the facts "amount[s] to nothing more than lip service" and they in actuality "continue[] to advance [their] own version of events." *Jok v. City of Burlington*, 96 F.4th 291, 297 (2d Cir. 2024).

*Second*, the Officers' legal argument—that their use of force was not a violation of clearly established law even assuming Dixon's arms were pinned because they reasonably believed him to be resisting—turns on the determination of whether the Officers' perception of Dixon's conduct was reasonable. *See Stephenson v. Doe*, 332 F.3d 68, 78 (2d Cir. 2003) ("[C]laims that an officer made a reasonable mistake of fact that justified the use of force go to the question of whether the plaintiff's constitutional rights were violated, not the question of whether the officer was entitled to qualified immunity."). We have repeatedly held that "disputed material issues regarding the reasonableness of an officer's perception of facts (whether mistaken or not) is the province of the jury." *Jones v. Treubig,* 963 F.3d 214, 231 (2d Cir. 2020); *see also Green v. City of New York*, 465 F.3d 65, 83 (2d Cir. 2006) ("If there is a material question of fact as to the relevant surrounding circumstances, the question of objective reasonableness is for the jury."). On limited interlocutory appeal, we cannot review the district court's determination that a jury could find unreasonable the

6

Officers' supposed perception of Dixon's conduct. *See Bolmer v. Oliveira*, 594 F.3d 134, 140–41 (2d Cir. 2010) ("[W]here the district court denied immunity on summary judgment because genuine issues of material fact remained, we have jurisdiction to determine whether the issue is *material*, but not whether it is *genuine*."); *see also Vega-Colon v. Eulizier*, No. 23-1211, 2024 WL 3320433, at *5 (2d Cir. July 8, 2024) (summary order) (holding that an officer cannot challenge on interlocutory appeal the district court's determination that "there are genuine disputed issues of fact on the question of whether . . . his perception of the surrounding factual circumstances—whether mistaken or not—was reasonable").

\* \* \*

We have considered the Officers' remaining arguments and find them to be without merit. Accordingly, we **DISMISS** the appeal for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7